(No. 23095.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AL JOHNSON *et al.* Plaintiffs in Error.

*Opinion filed February 14, 1936—Rehearing denied April 15, 1936.*

THOMAS F. DONOVAN, (PATRICK B. PRESCOTT, JR., HENRY O. NICKEL, and MARKMAN, DONOVAN & SULLIVAN, of counsel,) for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, HENRY E. SEYFARTH, JOHN T. GALLAGHER, WILLIAM J. LANCASTER, RICHARD H. DEVINE, and JOHN E. O'HORA, of counsel,) for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

A grand jury in Cook county returned an indictment on October 3, 1930, against Al Johnson, Max Johnson and Sam Levin. It contained one count and charged them with conspiracy to defraud the State of Illinois out of a large sum of money. It was stricken with leave to re-instate and was later re-instated and quashed. In March, 1933, the grand jury returned another indictment against said defendants and the Consumers Gas and Oil Company, a corporation. This indictment contained two counts each of which alleged that the crime charged therein was the same crime charged in the original indictment.

Previous to the introduction of testimony, defendants filed a motion to quash the indictment, a plea of the Statute of Limitations, a plea in abatement, a plea of not guilty and a motion to require the State's attorney to elect on which count of the indictment the People would rely for conviction. All motions and pleas except the plea of not guilty were denied or overruled. A jury trial resulted in a general verdict of guilty against the individual defendants, but no verdict whatever was returned as to the corporation. A judgment was entered on the verdict, which judg-

ment was reviewed and affirmed by the Appellate Court for the First District, on writ of error sued out by Al Johnson and Max Johnson. A further writ of error has been sued out of this court.

The original indictment was based on paragraph 117, chapter 38, (Ill. State Bar Stat. 1935, p. 1165,) which provides that if two or more persons conspire either to commit any offense against the State of Illinois or against certain subdivisions thereof, or to defraud the State of Illinois or any of said subdivisions in any manner or for any purpose, and one or more such parties do any act to effect the object of the conspiracy, all parties to such conspiracy shall be liable to a penalty of not less than $100 and not more than $5000 and to be imprisoned in the penitentiary for a term not less than one year nor more than two years or imprisonment in the county jail for any period not exceeding two years. The penalty fixed in this case by the jury against plaintiffs in error was imprisonment in the penitentiary and a fine of $3000 against each.

The original indictment charged that the defendants did wilfully, maliciously and unlawfully conspire, confederate and agree to defraud the State of Illinois out of large sums of money. The means by which they effectuated the conspiracy to defraud the State were alleged to be as follows: The Consumers Gas and Oil Company was a corporation in which the individual defendants were officers and agents. The corporation was, from September, 1929, to September, 1930, a distributor of motor fuel as defined by the statute and as such collected large sums of money as taxes on the sales of motor fuel. The said officers and agents conspiring with the corporation to defraud the State, wilfully made incorrect and false returns to the Department of Finance and wilfully failed and refused to make payment to said Department of Finance of the correct amount of money due the State. The second indictment contains apt references to the first indictment and alleges that each

count of the second indictment charges the same crime as was set forth in the original indictment. If the offense charged is in fact the same, a prosecution under both counts was not barred by the Statute of Limitations and the trial court's ruling was correct, as section 6 of division 4 of the Criminal Code provides, that when an indictment is quashed or the proceedings on the same are set aside or reversed on writ of error, the time during the pendency of such indictment shall not be reckoned so as to bar any new indictment for the same offense. Although there was a period of time when the original indictment was not on the court's docket because it had been stricken with leave to re-instate, yet there was no abandonment of the prosecution, and the time which was tolled by the pendency of the indictment must include all that intervened between the date when it was returned and the date when it was quashed. *Swalley* v. *People*, 116 Ill. 247.

The material inquiry is whether both counts in the second indictment charge the same offense as was laid in the original indictment. There can be little doubt that the charge in the first count of the second indictment is for the same offense as was set forth in the original indictment, to-wit, of unlawfully conspiring to defraud the State of Illinois of a large sum of money. An inspection of the second count in the indictment, however, discloses no charge of a conspiracy to defraud the State. It charges the defendants with conspiring "to unlawfully and wilfully fail and refuse to pay over to the Department of Finance of the State of Illinois a large part of the money collected * * * as motor fuel tax." Failure or refusal to make payment to the Department as provided either in section 6 or section 7 of the Motor Fuel Tax act (Ill. State Bar. Stat. 1935, chap. 95a,) is punishable by a fine of not to exceed $5000 or by imprisonment in the penitentiary for not less than one year nor more than five years or by both such fine and imprisonment. The violation of this law

does not depend upon an intent to defraud the State. The penalty is to be imposed for the mere failure or refusal to pay the State, but under the original indictment, the proof required would have had to go further. It would have had to show that the refusal to make payment was for the purpose of defrauding the State. It is apparent the crime charged in the original indictment is not the one charged in the second count of the present indictment. Evidence which would be enough to justify a conviction under said second count would not have been sufficient to sustain a conviction under the original indictment. Such being the case, there was but one count in this second indictment upon which the defendant should have been put on trial and that was the first count. It follows that the court should have allowed defendant's motion to require the People to elect upon which count they would proceed. The allegations contained in the new indictment that the crime charged in it is the same as was charged in the original indictment, is of no avail, since the charging part of the new indictment clearly shows a different charge, which could be supported with a smaller quantum of proof. The contents of the bill of particulars, and the enumerated specifications of overt acts contained in the indictment, cannot be resorted to for the purpose of determining the charge actually made in the indictment. The submission of defendants' guilt or innocence to a jury on the second count was so prejudicial to them that the judgment must be reversed and the cause remanded for a new trial. We will therefore pass on some of the other errors assigned so that they may not be insisted upon hereafter. The assault made upon the method of selecting the grand jury cannot be sustained because of our holding in *People* v. *Lieber*, 357 Ill. 423. The omission of the jury to return a verdict as to the Consumers Gas and Oil Company is none of defendants' concern. The plea of the Statute of Limitations was addressed to the entire indictment. It should have been limited to the second

count. The motion to quash was based largely upon alleged defects in the selection of the grand jury and allegations that the indictment, in each count, was vague, indefinite, uncertain and ambiguous. None of these allegations were well grounded. The first count is a good count and should not have been quashed in any event.

Because of the error which we have pointed out, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*