THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED EARL HARFLINGER, Defendant-Appellant.

Fifth District No. 76-101

Opinion filed May 18, 1977.

32

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Bruce D. Irish, Keith P. Vanden Dooren, and James R. Sanders, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Alfred Harflinger appeals from a judgment of the circuit court of Jefferson County entered after a jury found him guilty of murder, attempt murder, armed robbery and burglary. His sole contention in this appeal is that he was denied his constitutional right to a speedy trial.

On the night of October 10, 1971, the home of Mr. and Mrs. William Edmison was burglarized and Mr. Edmison was shot and wounded. Marvin Allen, a neighbor, was shot and killed when he went into his back yard to investigate a noise. The police found a trail of stolen articles leading from the Edmison residence past the Allen residence. Mr. Edmison identified two people from a photo lineup as the intruders, but they were later cleared.

On November 9, 1971, Richard Christensen made a statement to F.B.I. agents which gave the details of the incident of October 10 and the names of the people involved. On March 22, 1973, defendant's former wife gave a statement to the St. Louis police which included details of defendant's confession to her on October 11, 1971, the day after the incident.

Defendant was charged by complaint filed in the circuit court of Jefferson County on March 27, 1972, with the offenses of murder, attempt murder, armed robbery and burglary and warrants were issued for his arrest. Defendant was indicted on all four offenses on May 19, 1972. No further action was taken until March 7, 1975, when a writ of habeas corpus ad prosequendum was issued, directing that the defendant be produced from the Federal Corrections Institution in Texas. Another such writ was issued on April 3, 1975. On April 11, 1975, defendant filed a pro se motion to dismiss the charges for want of prosecution.

Warrants of arrest were re-issued on June 20, 1975. On the same day defendant was paroled by Federal authorities to a State of Illinois detainer. On July 7, 1975, defendant filed a petition for writ of habeas corpus challenging the legality of his arrest under the Illinois warrants. After a hearing was held on July 21, 1975, an order was issued denying the defendant's petition and remanding him for delivery to the State of Illinois. Subsequently, a jury trial was had and defendant was found guilty of all charges on November 25, 1975.

■■ The sixth amendment right to a speedy trial is among those

fundamental constitutional rights made applicable to the States through the due process clause of the fourteenth amendment. (*Klopfer v. North Carolina*, 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967).) In determining whether the speedy trial right has been violated the Supreme Court has outlined a balancing test in which four factors are to be assessed: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. (*Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2181 (1972).) It must be kept in mind that

"* * * none of the four factors * * * [is] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." 407 U.S. 514, 533, 33 L. Ed. 2d 101, 118-19.

■■ The length of the delay is a triggering mechanism to the operation of the test. Defendant was indicted on May 19, 1972, and the State of Illinois first issued a writ of habeas corpus ad prosequendum on March 7, 1975. Defendant subsequently filed a pro se motion to dismiss for want of prosecution, refused to waive extradition and filed a petition for writ of habeas corpus challenging the legality of the Illinois warrants for his arrest. Thus the delays after March 1975 were attributable to the defendant. However, excluding the period after March 1975, the delay was approximately 34 months—nearly three years. This delay is of sufficient length to trigger an inquiry into the other facts that go into the balancing test.

The State assigned two reasons for the delay in bringing the defendant to trial. It is pointed out that the defendant was in Federal custody from the time the charges were filed in March 1972 until June 1975, after extradition proceedings were initiated. During the first year of defendant's Federal incarceration he was a witness in Federal proceedings and was twice granted immunity for his testimony. The State contends that it is unlikely that Federal authorities would have allowed defendant to be turned over to Illinois for prosecution because they would have wanted defendant to be available to testify whenever necessary. The defendant in *Smith v. Hooey*, 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969), was also in a Federal penitentiary and indicted on State charges. The United States Supreme Court there held that Texas had a constitutional duty to make a diligent, good faith effort to bring defendant

to trial on the State charges. The Supreme Court has reiterated this affirmative duty of the State to bring a defendant to trial. (*Dickey v. Florida*, 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564 (1970); *Strunk v. United States*, 412 U.S. 434, 37 L. Ed. 2d 56, 93 S. Ct. 2260 (1973).) The State in the present case made no such effort to secure defendant's presence in Illinois for trial. Thus, the fact that defendant was in Federal custody was not a justifiable excuse for the delay.

The State's second reason for the delay involves William Edmison, one of the victims of the defendant's crimes. Edmison was indicted May 19, 1972, the same day defendant was indicted, for obstructing justice. This charge apparently stemmed from Edmison's refusal to identify the defendant as one of those who had entered his home on the night of October 10, 1971. Edmison had identified two people from a photo lineup as the perpetrators of the crime, but they were later cleared. The State claims that Edmison would probably have refused to testify against the defendant because he would have been incriminating himself on the charge of obstructing justice. The case against Edmison was dismissed on June 2, 1975, due to the death of a material and essential witness, Richard Christensen. Christensen, however, had died over a year earlier on March 3, 1974.

While the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 531, 33 L. Ed. 2d 101, 117, 92 S. Ct. 2182, stated that a missing witness would be a valid reason justifying a delay, the State here has made no clear showing that Edmison would have refused to testify. If the State had requested Edmison to testify and he had refused, the delay could have been justified on this ground. However, the State did not make such a request. It was assumed, perhaps with some justification, that Edmison would refuse to testify. This was not consistent with the State's affirmative duty to bring defendant to trial.

The third factor to be considered is the defendant's assertion of his right to a speedy trial. The Supreme Court in *Barker v. Wingo* emphasized "that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." 407 U.S. 514, 532, 33 L. Ed. 2d 101, 117-18.

■■ Defendant contends that he could not have made a demand for a speedy trial because he did not know of the charges. However, the record clearly discloses that the defendant knew of the Illinois charges against him. On March 7, 1975 and on April 3, 1975, petitions for writs of habeas corpus ad prosequendum were filed by the State. Neither the petitions nor the writs stated that arrest warrants had been issued in defendant's cases. However, in his pro se motion to dismiss for want of prosecution, filed April 11, 1975, defendant stated that the warrants had been issued on March 27, 1972. He specifically and correctly gave the name and number

of the pending charges and argued that the March 27, 1972, warrants were a direct result of his testimony in Federal proceedings for which he had been granted Federal immunity. It is thus apparent that defendant was aware of the Illinois charges which had been filed against him.

Whether a defendant asserts his right to a speedy trial is closely related to the other facts to be considered in any given case and is entitled to considerable weight. In this case defendant did nothing to assert his right to a speedy trial until the State started extradition proceedings. Defendant then filed a motion to dismiss in Illinois and a petition for a writ of habeas corpus in Texas in order to block extradition. We note in addition that in many of those cases relied upon by defendant there was a continuous assertion of a right to a speedy trial through various letters and motions throughout most of the period of delay. (*Barker v. Wingo; Smith v. Hooey; Dickey v. Florida.*) Accordingly, this factor must be weighed heavily against defendant in the balancing process.

The fourth element to be considered is prejudice to the defendant. The court in *Barker v. Wingo* identified three interests of defendants which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. The Supreme Court indicated that the last interest is the most serious because the inability of the defendant to prepare his case skews the entire system.

■■ Defendant argues that his defense was prejudiced by the death of a potential witness, Richard Christensen. However, as the State contends, it is highly unlikely that Christensen would have been helpful to the defendant. He had made a statement to F.B.I. agents implicating defendant in the incidents giving rise to this case. In addition, he had previously told the Jefferson County sheriff that defendant had confessed the murder of Marvin Allen to him. Thus his death, if in any way harmful, was harmful to the State and not to the defendant.

■■ We agree with defendant's final contention that he was prejudiced in the loss of the possibility of concurrent sentencing on his Federal and State convictions. However, such loss does not, per se, result in a denial of defendant's right to a speedy trial. (*Trigg v. Tennessee*, 507 F.2d 949 (6th Cir. 1974).) It is but another factor to be considered in the over-all balancing process.

■■ After balancing all the pertinent factors in this case, we are convinced that defendant's right to a speedy trial was not violated and that his conviction must accordingly be affirmed. Therefore, the judgment of the Circuit Court of Jefferson County is affirmed.

Affirmed.

KARNS and EBERSPACHER, JJ., concur.