THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDRE WILKINS, a/k/a Esau A. Wilkins, Defendant-Appellant.

First District (3rd Division)   No. 78-1404

◼◼◼

Opinion filed September 26, 1979.

James J. Doherty, Public Defender, of Chicago (Thomas M. Surdyk and Brian L. Heise, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joan S. Cherry, and Paul D. Kerpan, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The sole issue on appeal is whether the State had a statutory duty to bring defendant to trial within 120 days since he was in custody, although in custody on an unrelated charge and under an alias. See Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a).

Defendant was arrested on June 21, 1977, and was charged with possession of a stolen vehicle. On July 11, 1977, defendant appeared for a preliminary hearing and was released upon a finding of no probable cause by the court. Thereafter, the State sought a direct indictment against defendant on the same charge. On July 26, 1977, the grand jury indicted defendant for possession of a stolen automobile, theft of the automobile, and possession of burglary tools. A jury found him guilty of all three counts. The court sentenced defendant to 2 to 6 years on the theft charge and to a concurrent sentence of 1 to 3 years for possession of burglary tools. The court held that the possession of stolen automobile charge merged into the theft charge.

Prior to trial, the trial court conducted a hearing on defendant's motion for a discharge because of a lack of speedy trial. The following facts were elicited at that hearing. (Because of the nature of the contention on appeal, it is unnecessary to set forth the evidence adduced at trial.)

On June 21, 1977, defendant was arrested for the present offense. On July 11, 1977, he was released from custody after a finding of no probable cause. There were no charges pending against defendant after the court's finding. On July 26, 1977, the grand jury returned the present indictment.

On July 18, 1977, however, defendant, using the name "David"

Wilkins, was arrested for another auto theft. On July 27, 1977, he entered a plea of guilty to that charge, and was sentenced to 60 days in the House of Corrections. Having served that sentence, defendant, on October 11, 1977, was arrested for burglary under his right name. He pleaded guilty to that charge and was sentenced to 90 days in jail and was placed on probation for three years. On December 13, 1977, while defendant was in custody on that charge, he was brought to court on the present charges. On April 28, 1978, the jury trial on the present charges commenced.

At the hearing on defendant's motion, the assistant State's Attorney stated that it was the policy of his office to send notices to defendants who had been indicted. He informed the court that he had a certified copy of a letter notifying defendant of his indictment. That notice, subscribed and sworn to, along with a certified copy of the indictment letter, was mailed to defendant, Andre a/k/a Esau Wilkins, on August 15, 1977. The prosecutor requested the assistance of Investigator William Smith who determined that on August 22, 1977, Andre a/k/a Esau Wilkins was not in custody. (As a result of Smith's investigation, on August 22, 1977, a warrant was issued for defendant's arrest and the cause was taken off the court call.) The investigator finally located defendant in October 1977, and learned that he was in custody not as Andre or Esau, but as David Wilkins. The prosecutor stated that it was only then that the State learned defendant was in custody under an alias. The trial judge found that the State had exercised due diligence in attempting to locate defendant, and he denied the motion for a fourth term discharge. The judge stated that his holdings might have been different if defendant had been incarcerated under his right name, and that under such circumstances, the 120-day term might have begun on July 27, 1977, the date of defendant's unrelated conviction.

In the trial court, defendant argued in the alternative. He initially contended that the State had failed to bring him to trial within 160 days of his demand for trial. Relying on *People v. Gimza* (1977), 56 Ill. App. 3d 477, 371 N.E.2d 1135, the trial court ruled that the statutory fourth term was tolled after the charges against defendant were dismissed following a finding of no probable cause. Defendant apparently has accepted that ruling and has abandoned that contention in this court.

Defendant now urges only his alternative argument that the State failed in its statutory duty to bring him to trial within 120 days from the time he was in custody on an unrelated charge. He argues that the State failed to exercise due diligence in attempting to determine if he was in custody. The State counters that a defendant in custody must be brought to trial within 120 days only if the State can be charged with the knowledge of such custody. The State further urges that in the present

case no such knowledge can be charged to the State since defendant was in custody under an alias.

A defendant is entitled to be tried within 120 days of arrest and confinement unless the delay has been caused by defendant. (*People v. Spicuzza* (1974), 57 Ill. 2d 152, 311 N.E.2d 112.) The decision of the trial court as to accountability for delay in bringing defendant to trial should be sustained, absent clear showing of abuse of discretion. (*People v. Burchfield* (1978), 62 Ill. App. 3d 754, 379 N.E.2d 375.) In *People v. Powell* (1976), 43 Ill. App. 3d 934, 357 N.E.2d 725, this court held that the fact that a defendant is incarcerated on unrelated charges in another institution within the State does not deprive that defendant of his right to a speedy trial on other charges. There, the county had custody of defendant and released him to another county for a parole violation. Defendant served 27 months in the second county, but was not tried in the first county. Defendant did not use an alias. The prosecution argued that the 120-day rule was tolled because it had no knowledge of defendant's whereabouts. This court ruled that based upon the record the prosecution should have known where defendant was and therefore ruled that the 120-day rule was not tolled.

We believe the *Powell* case is clearly distinguishable from the present case. Most importantly, defendant here used an alias. The prosecution did not knowingly have custody of Andre Wilkins a/k/a Esau Wilkins nor did it knowingly release him for unrelated charges. Moreover, the State's records indicated that it only had knowledge of his use of the names Andre and Esau. The trial court's finding that the State made reasonable efforts to locate defendant is supported by the facts elicited at defendant's motion for a discharge. The prosecution not only mailed an indictment letter to defendant, but in August 1977 it requested Investigator Smith to check with the Department of Corrections to see if Andre or Esau was in custody. When the investigator reported back that no such person was in custody, it appears that the State had exercised due diligence in its efforts to locate defendant. The prosecution had no record of defendant's use of the name David.

We find no merit in defendant's suggestion that in order to fulfill its statutory duty, the State would be compelled to check fingerprints. It was defendant who, for whatever reason, used an alias, and we do not believe that he now may insist that the prosecution failed in its duty to locate him. As soon as the prosecution learned in October 1977 that defendant was in custody, it acted promptly. Defendant has not met his burden of showing that the delay was not occasioned by him. (*People v. Bixler* (1971), 49 Ill. 2d 328, 275 N.E.2d 392, *cert. denied* (1972), 405 U.S. 1066, 31 L. Ed. 2d 796, 92 S. Ct. 1500.) The trial court properly denied defendant's motion for a discharge.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.