18

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KENNETH GROGAN, Defendant-Appellant.

First District (6th Division)   No. 1—88—0165

Opinion filed April 20, 1990.

Michael J. Pelletier and Marc Davidson, both of State Appellate Defender's Office, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, David Butzen, and Joseph Brent, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Following a bench trial, defendant, Kenneth Grogan, was convicted of violation of bail bond and sentenced to one year's probation and a $500 fine. Defendant raises three issues on appeal: (1) whether the indictment was fatally defective because it failed to allege that the violation of bail bond occurred within the period fixed by the statute of limitations; (2) whether defendant was denied effective assistance of counsel because his attorney failed to file a motion to dismiss the indictment on the ground that the charge was barred by the statute of limitations; and (3) whether defendant was proven guilty beyond a reasonable doubt that his failure to surrender was willful.

On October 15, 1987, defendant was indicted on one count of violation of bail bond pertaining to an offense defendant allegedly committed in 1981. The evidence established that on July 16, 1981, defendant was arrested and subsequently charged with theft. Evelyn Skowronek testified that on December 29, 1981, she was deputy court clerk working in Judge Michael Toomin's courtroom in Evanston, Illinois, and she called defendant's name to appear for his case. Defendant did not appear. The judge then issued a bond forfeiture and an arrest warrant for defendant dated December 29. Notice of the bond

forfeiture was mailed to defendant. On January 29, 1982, judgment was entered on defendant's bond forfeiture.

Dr. Amado Salas testified that on December 18, 1981, he treated defendant for injuries sustained in an automobile accident that occurred on December 16. Defendant complained of amnesia, but the doctor's diagnosis was that defendant suffered from a contusion to the scalp and a brain concussion. Dr. Salas testified that a brain concussion could effect a person's memory for a very brief time, usually a few hours or days. The doctor stated that an electroencephalogram and brain scan were performed on defendant and that the results revealed that defendant was normal as to any organic brain damage. No other tests were conducted to determine if defendant suffered from any memory loss. Defendant was hospitalized from December 18 to December 21. The doctor next saw defendant in his office on December 29, the day on which defendant was to appear in court. His medical record of the visit indicated that defendant was improving and that he was excused from court and work. The doctor could not recall how he came to know that defendant had a court date.

Defendant testified that he did not appear in court on December 29, 1981, because he was not aware of the court date, but that he "had an idea that [he] might have missed something." He indicated that in December 1981, he was represented by an attorney, but that he did not know whether he ever called his attorney to ask when the next court date was scheduled. He further testified that in January 1982, he called the Des Plaines police department to see if he had missed a court date and that he was told that his record was clear. Defendant stated that he called the Des Plaines police department because he lived in that town, despite his knowledge that he was to appear in an Evanston court. According to defendant, he never received notice from the court of his bond forfeiture and that he was required to appear in court on January 29, 1982.

Robert DeMeo testified that in December 1981, he represented defendant. He stated that his standard procedure when clients failed to appear in court was to notify the client by telephone and, if he was unable to reach the client, he would then send the client a registered letter. Further, if a client was unable to appear in court, Mr. DeMeo would ask that the bond forfeiture warrant be continued. If he had a bond forfeiture and warrant entered and continued on one of his clients, Mr. DeMeo's standard procedure would be to call the client and, if the client could not be reached, Mr. DeMeo would send the client a registered letter informing him of the next court date. Mr. DeMeo could not recall whether he did in fact attempt to contact defendant

to notify him that on the date defendant failed to appear in court in December the court continued the matter to January.

■■■ We first consider defendant's contention that defense counsel's failure to raise the statute of limitations constituted ineffective assistance of counsel. Ineffective assistance of counsel is established by a showing of actual incompetence on the part of an attorney in carrying out his duties at trial which resulted in substantial prejudice to the defendant without which the outcome would probably have been different. (*People v. Staton* (1987), 154 Ill. App. 3d 230, 231, 507 N.E.2d 62.) In order to determine whether plaintiff was denied effective assistance of counsel, we must first determine the applicable statute of limitations for the offense involved. In the instant case, defendant committed the offense in 1982, but he was not indicted until 1987. Generally, the statute of limitations for violation of bail bond is three years. (Ill. Rev. Stat. 1987, ch. 38, par. 3—5.) However, the State contends that the three-year statute of limitations does not apply because the violation of bail bond is a continuing offense. Section 3—8 of the Criminal Code of 1961 provides that when an offense is based on a series of acts performed at different times, the period of limitation starts at the time when the last such act is committed. (Ill. Rev. Stat. 1987, ch. 38, par. 3—8.) The State contends that violation of bail bond should be characterized as a continuing offense so as to fall within the parameters of this statute. The State relies on *Toussie v. United States* (1970), 397 U.S. 112, 25 L. Ed. 2d 156, 90 S. Ct. 858, and *People v. Miller* (1987), 157 Ill. App. 3d 43, to support its claim. In *Toussie* the Supreme Court found that under Federal law a continuous offense results where the nature of the crime involved is such that Congress must assuredly have intended it to be a continuing one. (*Toussie v. United States,* 397 U.S. at 115, 25 L. Ed. 2d at 161, 90 S. Ct. at 860.) Applying that reasoning in *People v. Miller,* the court determined that, because an escaped prisoner poses a continuing threat to society, it can be inferred from the nature of that crime that the Illinois legislature, like Congress, must have intended it to be a continuing offense. (*People v. Miller,* 157 Ill. App. 3d at 46.) The State reasons that because the purpose of the violation of bail bond statute is to impose a duty on defendant to appear in court, each day that defendant fails to surrender must be thought of as a breach of that duty and that this breach continues until defendant appears in court. We do not adopt the State's position. The offense of violation of bail bond, unlike the offense of escape of a convicted felon, is not the kind of offense that poses a continuing threat to society, nor can it be defined as a series of related acts constituting a single cause of conduct,

such as conspiracy or embezzlement. In the absence of sound rationale or pertinent case law, we cannot find that violation of bail bond constitutes a continuing offense.

■■ Having determined that the appropriate statute of limitations was three years, we must determine whether counsel's failure to raise the statute of limitations constituted ineffective assistance of counsel. Defense counsel's failure to move to dismiss the indictment resulted in substantial prejudice to defendant culminating in his conviction for the offense. Since the statute of limitations has been raised for the first time on appeal, we are unable to determine whether circumstances existed which would toll the running of the statute. If such circumstances exist, the State should be given an opportunity to prove that the statute had been tolled. Consequently, defendant's conviction must be reversed and the cause remanded for a new trial.

■■ ■ When an appellate court reverses a criminal conviction and remands the case for a new trial and defendant has contended that the evidence at trial was insufficient, the reviewing court must consider defendant's claim or else risk subjecting defendant to double jeopardy. (*People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.) Consequently, we next consider whether defendant was proven guilty beyond a reasonable doubt that his failure to surrender was willful. Willfulness may be established by circumstantial evidence. (*People v. Lynn* (1980), 89 Ill. App. 3d 712, 714, 412 N.E.2d 15.) The evidence presented in the instant case was sufficient to establish beyond a reasonable doubt that defendant incurred a forfeiture of his bail bond and that he willfully failed to surrender himself to the court within 30 days following the date of forfeiture. Defendant was scheduled to appear in court on December 29, 1981. He failed to appear on this date, and the court ordered a bond forfeiture and issued a warrant for defendant's arrest. Defendant failed to surrender himself within 30 days thereafter and, on January 29, 1982, judgment was entered on defendant's bond forfeiture. Defendant testified that he "had an idea that [he] might have missed something." Yet, even though he had an attorney who was representing him on the charge, defendant failed to contact him regarding a possible missed court date. Moreover, defendant's physician testified that on the day defendant was to appear in court, he saw defendant in his office and the defendant's medical record contained a notation from the doctor that defendant was excused from court and work. We conclude that this evidence was sufficient to find defendant guilty beyond a reasonable doubt of the offense of violation of bail bond.

■■ ■ Finally, we consider whether the indictment was fatally de-

fective because it failed to allege that the offense was committed within the period fixed by statute. An indictment attacked, as here, for the first time on appeal is to be reviewed under a different standard than if challenged either in a pretrial or post-trial motion. (*People v. Caliendo* (1980), 84 Ill. App. 3d 987, 994, 405 N.E.2d 1133.) When attacked for the first time on appeal, an indictment is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecutions arising out of the same conduct. (*People v. Caliendo*, 84 Ill. App. 3d at 994.) The indictment in question charged that defendant, on or about December 29, 1981, committed the offense of violation of bail bond in that he failed to appear in court, thereby forfeiting bail which was given defendant in connection with the offense of theft, and that defendant willfully failed to surrender himself within 30 days following the date of that forfeiture. Defendant does not argue that the indictment lacked necessary specificity, and we find that it sufficiently complied with the standard set out above.

For the reasons stated, the judgment of the circuit court is reversed and the cause is remanded to the circuit court for a new trial.

Judgment reversed and cause remanded.

EGAN and McNAMARA, JJ., concur.