THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOUSE RIEVIA (RIVERA), a/k/a David Velazquez, Defendant-Appellant.

First District (3rd Division)   No.˙ 1—96—3296

Opinion filed September 15, 1999.—Rehearing denied November 12, 1999.

Michael J. Pelletier and Michael H. Orenstein, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Defendant appeals his conviction for aggravated possession of a stolen motor vehicle and 10-year sentence. He raises three issues on appeal: whether the stolen vehicle conviction violates (1) the speedy trial act (725 ILCS 5/100—1 *et seq.* (West 1996)); (2) his constitutional right to a speedy trial; and (3) the prohibition against reinstating a case after the statute of limitations on the stolen vehicle charge expired. We affirm.

Defendant was arrested on August 20, 1991, for possession of a stolen motor vehicle. Defendant gave his name as "Jouse Rievia" and was released on bail. (The notice of appeal lists the last name "Rivera" in parentheses. But "Rivera" is never used as defendant's last name elsewhere in the record. To be consistent, we will only refer to the "Rievia" surname.) Defendant did not appear at his September 18, 1991, court date. The court revoked his bail and issued a warrant for his arrest under the name "Jouse Rievia." The case was then stricken with leave to reinstate.

Defendant was arrested again on January 24, 1992, this time under the name of "David Velazquez." (We note that "Velazquez" also appears as "Velasquez" in the record.) He was charged with two armed robberies, unrelated to the 1991 stolen vehicle charge. Defendant was convicted of one armed robbery and pled guilty to the second one. His presentence investigation report listed several aliases used by him. The report also listed an outstanding warrant for the 1991 stolen vehicle charge under the name "Jouse Rievia." Defendant denied that he had been charged with that offense. At his sentencing hearing for the armed robberies, the following colloquy took place:

"THE COURT: Okay. Both sides ready to proceed?

MR. WEINBERG: Yes, your honor. There is only one matter that I would address to the Court.

THE COURT: Yes.

MR. WEINBERG: Which is a correction or an explanation on the PSI. It indicates that there is a pending warrant SOL on a possession of stolen motor vehicle from Skokie. The defendant would indicate at this time, Judge, that he has never been in Skokie, that he has never been arrested in or charged in a PSMV. There is some question as to two IRs belonging to a David Velasquez. And that charge, although it is certainly not a conviction and I'm aware that the Court would not consider it, the defendant indicates that that charge listed in the PSI through the rap sheet is not him, and he has never been charged with the offense, and to his knowledge, there is no warrant pending or any action pending involving a stolen motor vehicle, just to clarify it. I believe if the State has some question, they can certainly verify it.

MS. HUGHES: Judge there are two IR numbers from which these cases have been taken from [sic]. I believe·that as to Mr. Velasquez's other pending cases in this courtroom, there will be a date, and we will have that cleared up between now and then."

On August 10, defendant, under the name Velazquez, again appeared before the same judge with the same defense attorney. The assistant State's Attorney was different. Defendant pled guilty to charges pending on that date after an off-the-record conference. The following colloquy then occurred:

"THE COURT: On a prior date we had ordered a presentence investigation which was returned to the Court. Both sides agree that [they] will stand as to the presentence in this matter?

MS. DEMACOPOULOS: Yes.

MR. WEINBERG: Yes.

THE COURT: Aggravation?

MS. DEMACOPOULOS: Judge, we'll rest on what was represented during the conference.

MR. WEINBERG: Mitigation. Judge, we'd also rely upon the results of the conference."

It is clear from the record that no motion was filed, nor was any request made by defendant to verify, correct or otherwise explain the presentence report, nor was any reference made by defendant or his attorney on August 10 to Ms. Hughes' July 30 remark.

Defendant completed his sentence on the armed robbery charges on January 24, 1995. He was then rearrested on the outstanding warrant issued in 1991, relating to the stolen vehicle charge. Defendant moved to dismiss the charge, claiming that the speedy trial term was broken. The court denied the motion and, after a bench trial, found defendant guilty of the 1991 offense.

■ Section 103—5(e) of the speedy trial act (725 ILCS 5/103—5(e) (West 1996)) applies when a defendant is in simultaneous custody on

multiple offenses. The State must try the defendant on one of the charges within 120 days. 725 ILCS 5/103—5(a) (West 1996). The State must then resolve all other pending charges within 160 days of the date judgment is entered on the first case. 725 ILCS 5/103—5(e) (West 1996).

■ Whether defendant's actions caused or contributed to delay in bringing him to trial is always an issue in a motion to dismiss based on an alleged speedy trial act violation. *People v. Reimolds*, 92 Ill. 2d 101, 107, 440 N.E.2d 872 (1982). A defendant must establish a speedy trial violation and show that he is not responsible for the delay. *People v. Kliner*, 185 Ill. 2d 81, 114, 705 N.E.2d 850 (1998). The trial court's finding of responsibility for the delay is entitled to deference and will be sustained absent an abuse of discretion. *Kliner*, 185 Ill. 2d at 115.

Defendant's argument here is based on a claim that he was returned to custody on the 1991 stolen vehicle charge when he was arrested for the 1992 armed robbery charges. Since the first of the armed robbery charges was resolved on July 30, 1992, defendant reasons that the State then had 160 days to resolve the pending stolen vehicle charge. Defendant calculates that the time expired on January 6, 1993. He concludes that he cannot be charged with the three-year delay and that the stolen vehicle charge should have been dismissed. Defendant relies on *People v. Arnhold*, 115 Ill. 2d 379, 504 N.E.2d 100 (1987).

■ In *Arnhold*, our supreme court held that when a defendant is on bond and then arrested on unrelated charges, he is not "returned to custody" for the first charge until the bond on the first charge is revoked or withdrawn. *Arnhold*, 115 Ill. 2d at 383. Defendant reasons that since his bond on the stolen vehicle charge had been revoked well before he was arrested on the armed robbery charges in January 1992, he was automatically returned to custody on the 1991 charge. This is a novel argument, but we believe it distorts *Arnhold*'s holding.

The obvious, and we believe dispositive, difference between *Arnhold* and this case is the use of an alias in this case. When the *Arnhold* defendant was arrested on the unrelated charges, he was not posing as someone else.

■ Defendant here was arrested on two unrelated charges, under two different names. His failure to appear in court on the 1991 charge led to a bail revocation and a warrant for his arrest as "Jouse Rievia." Defendant, under the name "Jouse Rievia," was not arrested until January 1995. To accept defendant's argument and read *Arnhold* to hold that defendant's 1992 arrest as "David Velasquez" returned him to custody on the 1991 stolen vehicle charge against "Jouse Rievia" charges the State with keeping track of the names felons may choose

to use as they make their troubled way through life. While it is in the best interest of law enforcement to establish the true identity of those charged with crimes, we have not found a case that allows an accused to assert his constitutional right to a speedy trial under one name while he is using another. We believe that because the State never had "knowing" custody of the defendant known as "Jouse Rievia" on a 1991 stolen vehicle charge, when he was later arrested for armed robbery, his 1992 arrest did not "return him to custody" on the original charge within the meaning of the statute. See *People v. Wilkins*, 77 Ill. App. 3d 179, 182, 395 N.E.2d 1036 (1979) (finding that delay was not attributable to State because, by using an alias, the State never had knowing custody of defendant).

■ Defendant also argues that the State failed to exercise reasonable diligence in executing the stolen vehicle warrant. Defendant's reliance on *Wilkins*, 77 Ill. App. 3d 179, 395 N.E.2d 1036, and *People v. Powell*, 43 Ill. App. 3d 934, 357 N.E.2d 723 (1976), in support of this argument is misplaced.

*Powell* is distinguishable from this case. There the State had knowing custody of the defendant, who did not use an alias.

In *Wilkins*, the court found that the defendant was not denied his right to a speedy trial because the delay was caused by the defendant's use of an alias. The court also found that the State was diligent in trying to locate the defendant. *Wilkins*, 77 Ill. App. 3d at 182. We note that the *Wilkins* court distinguished *Powell*, stating that no alias was used in that case. *Wilkins*, 77 Ill. App. 3d at 182. The court then noted that the State never had knowing custody of the defendant, nor did the State release the defendant on unrelated charges. *Wilkins*, 77 Ill. App. 3d at 182.

Defendant's reliance on *Wilkins* concedes the alias issue but stresses the finding in *Wilkins* that the State acted diligently under the circumstances of the case. Defendant contends that since the State here did not make a reasonable effort to locate him, despite having alias information available in the presentence investigation report, the *Wilkins* court's diligence holding supports a finding of a speedy trial violation.

Defendant cites no case where the diligence required of the State was pitted against defendant's efforts to thwart it, rewarding the defendant for his efforts. We noted earlier that we could not find such a case. The absence of case law could be explained by the reluctance of defendants or their lawyers to argue that there is a beneficial (or even benign) motive for the use of aliases that would bolster a defendant's claim that his constitutional right to a speedy trial had been violated. The constitutional guarantee of a speedy trial is not (or should not be)

a cat and mouse game where the mouse is rewarded for his cunning and the cat is punished for his lack of it. The use of an alias aside, our review of the record leads us to conclude that defendant's reliance on the presentence investigation report to charge the State with a lack of diligence in discovering his various identities is based on speculation.

The presentence investigation report lists two different identification numbers for defendant. While defendant's stolen vehicle charge is listed under the "Rievia" alias, the stricken-with-leave-to-reinstate notation is handwritten. Another part of the report lists July 18, 1992, as the next court date for the warrant issued in 1991 on the stolen vehicle charge. There is a disclaimer at the end of the report announcing that written entries are not authorized by the Chicago police department. In any event, the defendant denied the content of the report in open court. The parts of the transcript we have set out from the hearings on July 30 and August 10 do not support defendant's contention that the presentence investigation report was sufficient to prove the State lacked diligence in discovering his use of an alias and a pending charge. The record is ambiguous at best with respect to what the State could be expected to know or discover about the identity of a defendant who never backed off his claim to be someone else. We have no way of knowing what occurred in the off-the-record conference of August 10. We have only the report itself and defendant's insistence that he was not Rievia. We cannot find a lack of diligence on the part of the State on this record.

■ We also agree with the State that defendant could have invoked the speedy trial protections under section 3—8—10 of the Unified Code of Corrections (730 ILCS 5/3—8—10 (West 1996)). The section applies when a defendant is in the custody of the Illinois Department of Corrections. To invoke the speedy trial term under this section, a defendant must file a specific demand for trial under section 103—5(b). Defendant never filed such a demand. The speedy trial term in this section was never triggered. *People v. Milsap*, 261 Ill. App. 3d 827, 830-32, 635 N.E.2d 1043 (1994).

Defendant argues that section 103—5(b) does not apply because section 3—8—10 cannot be used to reset the speedy trial term set in section 103—5(e) of the speedy trial act. This argument fails because the speedy trial term in section 103—5(e) was never triggered.

Next, defendant argues, statutory requirements aside, that his constitutional right to a speedy trial was violated.

■ Issues not raised at trial and not presented in a posttrial motion are deemed waived. *People v. Hicks*, 181 Ill. 2d 541, 693 N.E.2d 373 (1998). But issues relating to substantial rights may be considered by a reviewing court even if not properly preserved. *Hicks*, 181 Ill. 2d

at 544-45. We will consider defendant's speedy trial argument. It affects substantial rights.

■ The analysis to be used in deciding whether a defendant's right to a speedy trial has been violated is set out in *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). We consider the length of the delay, the reason for the delay, defendant's assertion of his right and the prejudice caused to the defendant. *Barker*, 407 U.S. at 530, 33 L. Ed. 2d at 117, 92 S. Ct. at 2192. These elements must be considered in light of the circumstances of each case. No one element is dispositive. *People v. Chambers*, 258 Ill. App. 3d 73, 629 N.E.2d 606 (1994).

■ Defendant contends that each of the four elements weighs in his favor. He argues that the three-year delay was presumptively prejudicial. See *People v. Belcher*, 186 Ill. App. 3d 202, 205, 542 N.E.2d 419 (1989). We agree. But we do not agree with defendant's contention that the delay was caused by the State's failure to make a good-faith effort to locate him after a warrant was issued and he was rearrested in 1992 under another name.

Defendant maintains that he asserted his speedy trial right on August 21, 1991. Last, defendant states that he was prejudiced by the delay in that he lost the opportunity to receive a concurrent sentence and the 180-day credit toward that sentence while he awaited trial on the robbery charges.

Defendant's argument that the State caused the delay overlooks the issuance of a warrant for his arrest in 1991 because he missed a court date and forfeited his bail. When he was arrested in 1992, he gave a different name. The State had no reason to connect "David Velazquez" with "Jouse Rievia" at that time. When the presentence report listed the 1991 stolen vehicle charge under the "Jouse Rievia" alias, defendant denied having ever been charged with that offense. This tactic succeeded since it took the State some time to unravel the doubt defendant created about his identity. We have already discussed the argument that the State was not diligent in discovering defendant's true identity. The cause of the delay was defendant's own doing. See *Wilkins*, 77 Ill. App. 3d 179, 395 N.E.2d 1036.

Defendant's claim that he asserted his right to a speedy trial on August 21, 1991, is incorrect. A defendant "on bond" must file a speedy trial demand to trigger the 160-day period in which he must be tried. 725 ILCS 5/103—5(b) (West 1996). Defendant did not file a demand while he was on bond. Defendant's speedy trial demand was filed after his arrest but before his bail was assessed. That demand was ineffective to trigger the 160-day statute. See *People v. Garrett*, 136 Ill. 2d 318, 329-30, 555 N.E.2d 353 (1990).

Defendant argues, nevertheless, that whether he properly asserted his right to a speedy trial is irrelevant because courts may not apply strict statutory notice requirements to a sixth amendment speedy trial analysis. We agree, but defendant's argument must be weighed against the facts that cut against him. A defendant's failure to properly assert the right makes it difficult for a defendant to prove that he was denied the right to a speedy trial. *People v. Harflinger*, 49 Ill. App. 3d 31, 34-36, 363 N.E.2d 875 (1977), citing *Barker*, 407 U.S. at 532, 33 L. Ed. 2d at 117-18, 92 S. Ct. at 2193.

Defendant also contends that he was prejudiced because he did not receive credit for time served or concurrent sentences. The State does not contest that defendant may have lost these opportunities. Prejudice is but one element to be considered. A determination under the *Barker* criteria compels us to balance all factors in light of the facts of the case. *People v. Fly*, 249 Ill. App. 3d 730, 619 N.E.2d 821 (1993). Our consideration of the *Barker* factors leads us to conclude that the prejudice defendant suffered was caused by his own conduct. This factor is also weighed against him. There was no constitutional violation of defendant's right to a speedy trial.

Last, defendant argues that the three-year statute of limitations on the stolen vehicle charge expired before he was tried. Defendant reasons that since the stolen vehicle charge was stricken, with a leave to reinstate docket longer than the statute of limitations for the offense, the charge should have been dismissed, citing *People v. Triplett*, 108 Ill. 2d 463, 485 N.E.2d 9 (1985).

Defendant concedes that this issue was not preserved for appeal. He argues that counsel's failure to raise the issue in the trial court is ineffective assistance of counsel. Defendant alternatively asks the issue be reviewed for plain error. We will review the statute of limitations issue for plain error.

Defendant's argument assumes that the State's ability to reinstate a case is subject to the statute of limitations. The law is not as clear as defendant suggests. The State's ability to reinstate a charge is subject to the speedy trial statute. *People v. Nelson*, 25 Ill. 2d 38, 40, 182 N.E.2d 704 (1962). The speedy trial term continues to run even after a case is stricken with leave to reinstate. *People v. Daniels*, 190 Ill. App. 3d 224, 226, 546 N.E.2d 645 (1989); *People v. Sanders*, 86 Ill. App. 3d 457, 466, 407 N.E.2d 951 (1980). As long as the speedy trial term is not broken, the State may reinstate a case. *People v. East-West University, Inc.*, 265 Ill. App. 3d 557, 566, 637 N.E.2d 594 (1994). These cases comport with the rationale of the United States Supreme Court in *United States v. Marion*, 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971), in which the court held that the speedy trial statute

and statute of limitations should not operate at the same time. *Marion*, 404 U.S. at 323, 30 L. Ed. 2d at 480, 92 S. Ct. at 465. The State's right to reinstate subject to the speedy trial statute limits the State's power to reinstate cases indefinitely. The protections of a statute of limitations are not needed. *East-West University*, 265 Ill. App. 3d at 567.

Defendant counters that the law in Illinois is the opposite: that the statute of limitations continues to run while the case is stricken with leave to reinstate, citing to *Triplett*, 108 Ill. 2d 463, 485 N.E.2d 9.

We have addressed the language in *Triplett* and considered whether the limitations period is tolled while a charge is stricken with leave to reinstate in *East-West University*, 265 Ill. App. 3d at 566. The court noted that in *People v. Johnson*, 363 Ill. 45, 145 N.E.2d 386 (1936), the Illinois Supreme Court held that the statute of limitations is tolled while a case remains stricken with leave to reinstate. *Johnson*, 363 Ill. at 48. The *East-West University* court then acknowledged that *Triplett* contained a sentence that could support the opposite position. The *East-West University* court concluded, however, that the language was *dicta* because *Triplett* did not cite or discuss *Johnson* or explain the reason for departing from its reasoning. *East-West University*, 265 Ill. App. 3d at 566-67. The *East-West University* court adopted the *Johnson* court's reasoning, holding that, even though barred by the speedy trial statute, the charge was not barred by the statute of limitations. *East-West University*, 265 Ill. App. 3d at 567.

The *Triplett* issue aside, there is yet another ground for rejecting defendant's argument. Under section 3—7(a) of the Criminal Code of 1961 (720 ILCS 5/3—7(a) (West 1966)), the limitation is tolled when a "defendant is not usually and *publicly* resident within this State." (Emphasis added.) 720 ILCS 5/3—7(a) (West 1996). "Publicly" means "[o]penly *** as opposed to private, secluded, or secret." Black's Law Dictionary 1107 (5th ed. 1979). Defendant would be hard pressed to argue that he was publicly present in the state (even in custody) if he was hiding his identity.

Affirmed.

CERDA and BURKE, JJ., concur.