# Illinois Official Reports

## Appellate Court

---

### *People v. Casas*, 2018 IL App (2d) 150456-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. FERNANDO CASAS JR., Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-15-0456 |
| Filed | April 20, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 14-CF-2204; the Hon. Liam C. Brennan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Eldad Z. Malamuth, Assistant Attorneys General, of counsel), for the People.<br><br>Mark H. Kusatzky, of Law Offices of Mark H. Kusatzky, of Northfield, for appellee. |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice Spence concurred in the judgment and opinion. |

¶ 1 In our first opinion in this case, we held that "the offense of violation of bail bond is a continuing offense such that the limitations period on a violation-of-bail-bond prosecution is tolled until an offender is returned to custody." *People v. Casas*, 2016 IL App (2d) 150456, ¶ 1. We thus held that the charge against defendant, Fernando Casas Jr., was filed within the limitations period, and we reversed the trial court's dismissal of the charge. On further appeal, the supreme court agreed that the offense is a continuing offense but held that the limitations period is tolled only until the offender "no longer has an obligation to appear in court." *People v. Casas*, 2017 IL 120797, ¶ 43. The court thus held that the charge here was *not* filed within the limitations period (unless that period was otherwise tolled). *Id.* ¶ 44. The court then directed us to consider the State's contention that "its reference to defendant's use of a false identification in the information qualified as an exception to the limitations period applicable when a criminal defendant 'is not usually and publicly resident within this State' " under section 3-7(a) of the Criminal Code of 2012 (Criminal Code). *Id.* ¶ 45 (quoting 720 ILCS 5/3-7(a) (West 2014)). We now consider that contention and, ultimately, we agree with the State. Accordingly, as before, we reverse the trial court's dismissal of the charge.

¶ 2 For the reader's convenience, we will restate the factual background of this case. At some point in 1996 (the record does not indicate precisely when), defendant was indicted by the statewide grand jury for the manufacture or delivery of cocaine in excess of 900 grams, a Class X felony. The case was transferred to Du Page County under case No. 96-CF-1920. On October 16, 1996, the trial court admitted defendant to bail in the amount of $750,000; he posted a 10% cash bond. Thereafter, defendant regularly appeared in court for the case. On June 9, 1998, however, defendant failed to appear in court; the trial court ordered that defendant's bond was forfeited, and it issued a bench warrant for his arrest. During the next 30 days, defendant did not surrender himself to authorities. Later, defendant was tried *in absentia* on the cocaine charge, found guilty, and sentenced to 20 years' imprisonment.

¶ 3 On April 5, 2014, roughly 18 years after defendant was first indicted, the police stopped defendant for a traffic offense in Du Page County. During that stop, defendant gave the police a false name and a fake ID. In subsequent conversations with the police, defendant revealed his true identity, admitted that he stopped going to court in the 1996 case, and acknowledged the warrant for his arrest. Defendant also confessed that, because of the arrest warrant, he had used two different false identities—including the one on the fake ID, which he purchased in Mexico—to avoid apprehension while living in the United States.

¶ 4 Based on these facts, in December 2014, defendant was indicted for the violation of his 1996 bail bond. The Criminal Code sets forth the offense of violation of a bail bond as follows:

> "Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and knowingly fails to surrender himself or herself within 30 days following the date of the forfeiture, commits, if the bail was given in connection with a charge of [a] felony ***, a felony of the next lower Class ***." 720 ILCS 5/32-10(a) (West 2014).

The State's indictment alleged that defendant forfeited his bond by failing to appear in court on June 9, 1998, and by knowingly failing to surrender himself within 30 days of that date. The offense was charged as a Class 1 felony because defendant's underlying cocaine charge was a Class X felony.

¶ 5        Defendant moved to dismiss the indictment, arguing that a prosecution for violation of his bail bond was time-barred. 725 ILCS 5/114-1(a)(2) (West 2014). More specifically, defendant claimed that, under the general statute of limitations for felonies, the State had three years to bring the bail-bond charge against him (720 ILCS 5/3-5(b) (West 2014)), or until July 10, 2001. Defendant noted that more than three years had passed, and he asserted that the State did not allege any facts in the indictment that would toll or extend the three-year limitations period. See generally *id.* § 3-6 (extending limitations period for certain offenses); *id.* § 3-7 (excluding certain times from limitations period); *id.* § 3-8 (providing that, for continuing offenses, limitations period is tolled and commences when "last such act" was committed).

¶ 6        In response, the State filed a superseding information, which provided as follows:

"[O]n or about July 9, 1998, and continuing through and until April 5, 2014, [defendant] committed the offense of VIOLATION OF BAIL BOND, a Class 1 felony, in that *** defendant, after having been admitted to bail on or about October 16, 1996, for appearance in the Circuit Court of DuPage County *** in case 96-CF-1920, and on or about June 9, 1998, he incurred a forfeiture of his bail and thereafter knowingly, willfully, and unlawfully failed to surrender himself within 30 days following the date of the forfeiture of the bail, in violation of [section 32-10(a) of the Criminal Code (720 ILCS 5/32-10(a) (West 2014))]; and because Violation of Bail Bond should be considered a continuing offense, the statute of limitations did not start running until April 5, 2014, when defendant was apprehended and admitted that he used [a] false identity to evade prosecution."

¶ 7        In a footnote in the information, the State asserted that "[t]his Court is bound by *People v. Grogan*, 197 Ill. App. 3d 18 (1st Dist. 1990), which held that violation of a bail bond is *not* a continuing offense." (Emphasis in original.) The information then noted that the State was "mak[ing] a good[-]faith argument that *Grogan* was improperly decided and should be overruled." The State's use of the phrase "continuing offense" in the information was a reference to section 3-8 of the Criminal Code, which tolls the three-year limitations period as follows: "When an offense is based on a series of acts performed at different times, the period of limitation prescribed by this Article starts at the time when the last such act is committed." 720 ILCS 5/3-8 (West 2014).

¶ 8        Defendant had no objection to the information, and the trial court granted the State leave to file the information in place of its earlier indictment. Defendant, however, stood on his earlier-filed motion to dismiss. The trial court granted defendant's motion to dismiss, finding that, pursuant to *Grogan*, defendant's prosecution for violation of his bail bond was time-barred. The State timely appealed. See Ill. S. Ct. R. 604(a)(1) (eff. Mar. 8, 2016).

¶ 9        On appeal, the State contended that violation of a bail bond is a continuing offense under section 3-8 of the Criminal Code (720 ILCS 5/3-8 (West 2014)) and that *Grogan* was wrongly decided. Thus, according to the State, the limitations period was tolled when the offense was initially committed, and it began to run once defendant was taken into custody. Accordingly, because defendant was charged with the bail-bond offense well within three years from the date of his arrest, the statute of limitations was not violated. In the alternative, the State argued that its reference to defendant's use of a false identity qualified as an exception to the limitations period for when a criminal defendant "is not usually and publicly resident within this State" (*id.* § 3-7(a)). We agreed with the State on the first issue and thus did not address the second. *Casas*, 2016 IL App (2d) 150456, ¶ 9.

¶ 10    After our disposition, the supreme court granted defendant's petition for leave to appeal. See Ill. S. Ct. R. 315 (eff. Mar. 15, 2016). As noted, the court agreed that violation of a bail bond is a continuing offense and that the limitations period was tolled when the offense was initially committed. However, the court held that the period began to run not when defendant was taken into custody in 2014, but rather when he was convicted and sentenced *in absentia* on the underlying cocaine offense.[1] In other words, once defendant was convicted and sentenced, his obligation to appear terminated, and he was no longer violating his bail bond. *Casas*, 2017 IL 120797, ¶ 43.

¶ 11    Thus, because defendant was convicted and sentenced in the underlying criminal case "in either 1998 or 1999," the supreme court determined that the bail-bond charge had not been filed within the limitations period, unless that period was otherwise tolled. *Id.* The court thus remanded the cause for us to consider the State's alternative argument that the limitations period was tolled under the publicly-resident exception in section 3-7(a) of the Criminal Code, which we do now.

¶ 12    Our supreme court has declined to rigidly define what is required for the State to invoke an exception to the statute of limitations. See *People v. Morris*, 135 Ill. 2d 540, 547 (1990). The standard for assessing the sufficiency of a charging instrument—both for the offense and for exceptions to the statute of limitations—is whether the document "provide[s] notice to the defendant of precisely what the State will attempt to prove (and therefore to allow the defendant an opportunity to prepare a defense)." *Id.* To satisfy this standard, "the State must not only set forth circumstances which, in and of themselves, would provide a basis for tolling a limitation period, but the State must make clear that those circumstances are in fact the basis upon which the State seeks to toll the limitation period." *Id.* Here, the superseding information provided that, "because Violation of Bail Bond should be considered a continuing offense, the statute of limitations did not start running until April 5, 2014, when defendant was apprehended *and admitted that he used [a] false identity to evade prosecution*." (Emphasis added.) The State argues that the emphasized phrase was sufficient to invoke section 3-7(a). Although the trial court, having followed *Grogan*, did not have occasion to address this issue, the sufficiency of a charge is a question of law (*People v. Carey*, 2018 IL 121371, ¶ 19). Thus, as our supreme court has directed, we may resolve it in the first instance.

¶ 13    Before reaching the merits, however, we must address a preliminary issue. Defendant asserts that the State forfeited its contention by failing to invoke section 3-7(a) in the superseding information. In this regard, defendant has missed the State's point. The essence of the State's position is that, by alleging that defendant "used [a] false identity to evade prosecution," it sufficiently invoked section 3-7(a). Thus, defendant's forfeiture argument is actually an argument that the State's contention fails on the merits, and on the merits, we determine that the State is correct.

¶ 14    Again, the State alleged that the charge was timely because, *inter alia*, defendant had "used [a] false identity to evade prosecution." The State thus effectively alleged that defendant had been, in colloquial terms, "hiding out"—or, in legal terms, that he had not been "usually and

---

[1]We note that defendant did not make that argument in this court or, evidently, in the supreme court. That is, defendant argued only that the offense was complete 30 days after the bond forfeiture and did not continue (see *Casas*, 2017 IL 120797, ¶ 21); he did not argue in the alternative that, if the offense did continue, it continued only until his conviction and sentence.

publicly resident within this State" (720 ILCS 5/3-7(a) (West 2014)). Certainly the allegation does not even remotely touch on any other possible ground for tolling the limitations period. See *id.* § 3-7(b)-(f). In short, we cannot see how defendant could have interpreted the "false identity to evade prosecution" allegation as anything but an invocation of section 3-7(a).

¶ 15     Defendant also objects that the State did not specifically cite section 3-7(a) in the superseding information. A statutory citation is not crucial, however. See *supra* ¶ 12; *Morris*, 135 Ill. 2d at 547. Defendant also accuses the State of failing to specify the dates within which the exception applied. But to the extent that those dates were crucial, the State alleged them; it alleged that defendant had "used [a] false identity to evade prosecution" from July 9, 1998, until April 5, 2014.

¶ 16     Defendant's primary contention is that section 3-7(a) applies only when the defendant is "living out of state"—and that the State must use *that* language in the charge as opposed to what the State said here. As the State points out, defendant's interpretation is inconsistent with the plain language of section 3-7(a). The statute says that it applies when the defendant is not "usually and publicly resident within this State." 720 ILCS 5/3-7(a) (West 2014). If it were to apply only when the defendant is "living out of state," there would be no purpose for the words "usually and publicly." We, of course, cannot treat any statutory term as meaningless and must apply the language as written. See *People v. Smith*, 2016 IL 119659, ¶ 27. Had the legislature intended the result defendant suggests, then it could have simply said that time is tolled when the defendant is not "resident within this State." But, again, that is not what the legislature said. We think that the meaning of section 3-7(a) is clear enough: section 3-7(a) excludes time when the defendant is either "living out of state" or living in *this* state just not "usually and publicly." And, of course, if one is living in this state but under a false identity, then he is not living here "usually" *or* "publicly." See, *e.g.*, *People v. Rievia*, 307 Ill. App. 3d 846, 855 (1999) (holding that defendant was not "publicly present in the state" while using a false identity, even though he was in State custody).

¶ 17     In addition, we note that the two cases defendant cites for the proposition that section 3-7(a) "has been interpreted to mean that the defendant was out of state" do not in any way suggest that the statute applies *only* if the defendant was out of state. It would be more apt to say that the two cases on which defendant relies—*People v. Meier*, 223 Ill. App. 3d 490 (1992), and *People v. Saunders*, 235 Ill. App. 3d 661 (1992)—merely stand for the uncontroversial proposition that the limitations period can be tolled for the time that the defendant has been absent from the state and can begin to run again when the defendant returns to Illinois. Unlike *Rievia*, neither of the cases cited by defendant sheds any light on the application of section 3-7(a) in the context of this case.

¶ 18     We determine that the superseding information satisfied the standard in *Morris*. The information set forth circumstances that ultimately, if proven, would toll the limitations period under section 3-7(a)—namely, that defendant was living under a false identity from July 9, 1998, to April 5, 2014. In our view, the information was sufficiently clear—certainly clear enough to provide the required notice to defendant—that the State would rely, at least in part, on those circumstances to toll the limitations period. Candidly, however, we cannot see a good reason for the State not to have simply quoted or even cited section 3-7(a) in the information. See, *e.g.*, *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 14 (noting that, in most cases, when invoking legal authority, "a 'word for word' recitation [of the rule or statute] is the better practice"). Doing so, and clearly stating the dates that the State believed were excluded, would

have put defendant indisputably on notice. Put differently, we are aware of no case in which a court has chastised parties for having been *too clear* in their pleadings.

¶ 19 Nevertheless, we hold that the superseding information gave defendant sufficient notice to invoke the tolling provision in section 3-7(a). Of course, on remand, defendant may move to dismiss on the ground that he, in fact, was not living under a false identity or, if he was living under a false identity, that the period during which he was doing so was so short that the charge remains untimely. The procedure for handling such challenges was previously unclear, as we pointed out in *People v. Lutter*, 2015 IL App (2d) 140139. After our decision there, however, the legislature enacted Public Act 100-434 (eff. Jan. 1, 2018), which points the way forward. Under the new statutory framework, after a defendant moves to dismiss a charge as time-barred, the State then "shall have the burden of proving, by a preponderance of the evidence," that the charge is not time-barred; this showing would be made at a pretrial hearing on the motion. See *id.* (adding 720 ILCS 5/3-7(a-5) and 725 ILCS 5/114-1(d-6)); see also *Smith v. United States*, 568 U.S. 106, 112 (explaining that a lapse of the limitations period "does not call the criminality of the defendant's conduct into question").

¶ 20 In sum, we reverse the judgment of the circuit court of Du Page County and remand this cause for further proceedings.

¶ 21 Reversed and remanded.