(No. 22040.—

The People of the State of Illinois, Defendant in Error, *vs.* Charles F. Lee, Plaintiff in Error.

*Opinion filed April 21, 1934.*

J. G. Burnside, and John J. Baker, for plaintiff in error.

OTTO KERNER, Attorney General, KENNETH F. KELLY, State's Attorney, and J. J.NEIGER, for the People.

Mr. CHIEF JUSTICE ORR delivered the opinion of the court:

Charles F. Lee was found guilty of embezzlement in the circuit court of Shelby county by a jury and sentenced to the penitentiary. He now seeks a reversal of the judgment by this writ of error.

The indictment consisted of one count, charging that as township treasurer of township 9 north, range 2 east of the third principal meridian, Shelby and Fayette counties, he embezzled certain money and property of school district No. 154, Shelby county.

Prior to entering his plea of not guilty Lee made a motion to quash the indictment. This motion was denied, and its denial is one of the grounds assigned as error. In support of this motion it is urged by Lee that the allegation that the money was the property of school district No. 154 was not a proper pleading and did not aptly charge a criminal offense—that the indictment should have charged that the funds were the property of the trustees of schools of the township. Counsel for Lee made an oral motion to quash the indictment, but the record shows that it was not urged and that it was submitted to the court without argument. An oral motion to quash an indictment without pointing out wherein it is defective is in the nature of a general demurrer, and, therefore, raises only questions relating to defects of substance. Under these circumstances, where the motion is denied, the ruling of the court can only be held erroneous where there are innate and substantial defects in the indictment which would make it insufficient to support a judgment. (*People* v. *Munday,* 293 Ill. 191.) That portion of the indictment relating to school district No. 154, Shelby county, was correct and the indict-

ment sufficiently charged Lee with embezzlement of moneys as township treasurer.

It is also urged that there are material variances between the allegations of the indictment and the proof. In this respect it is argued that the indictment alleges that Lee embezzled moneys of school district No. 154, township 9 north, range 2 east of the third principal meridian, Shelby county, Illinois, whereas the proof showed that the school district is a union district including a portion of Fayette county, and that there is no such district numbered 154 exclusively in Shelby county. However, if the description in the indictment had omitted all reference to Shelby county there still would be a sufficient description of this school district. There can be only one school district numbered 154 in township 9 north, range 2 east of the third principal meridian, in the State of Illinois. The alleged variance is not material, as no substantial injury was thereby done to the accused, nor was he prejudiced either in making his defense or in the danger of having again to answer the same charge. *People* v. *Weisman*, 296 Ill. 156; *Clark* v. *People*, 224 id. 554; *People* v. *Boneau*, 327 id. 194; *People* v. *Braverman*, 340 id. 525.

Throughout the trial objections were repeatedly made by Lee's counsel to the introduction of evidence of transactions occurring over a ten-year period prior to March 28, 1925. Likewise, at the close of the People's evidence, and again at the close of all the evidence, peremptory instructions were offered on behalf of Lee and refused by the court. The indictment against Lee was not returned until March 28, 1928, and these objections urged the bar of the Statute of Limitations against transactions which occurred more than three years prior thereto. Under this indictment Lee could not have been tried for embezzlement committed prior to March 28, 1925, as the Statute of Limitations begins to run against an embezzlement or fraudulent conversion when it is committed and not when it is dis-

covered or made manifest by failure to pay over on demand. (*Weimer* v. *People*, 186 Ill. 503; *Baschleben* v. *People*, 188 id. 261.) Even if it were true, as claimed, that funds in the hands of Lee as township treasurer had been withdrawn and converted to his own use prior to 1925, he was at such prior time or times guilty of embezzlement and could then have been tried and convicted therefor. But if he was not tried and punished for these alleged prior offenses, any evidence concerning them, if they existed, would be clearly incompetent in this trial, as the Statute of Limitations constitutes an absolute bar beyond the three-year period immediately prior to the indictment.

It also appears that on the trial of this case great numbers of books, documents and records were introduced showing large sums of money received and paid out by Lee, as township treasurer, over a course of twelve years, beginning in 1915. Counsel for Lee objected to all of these exhibits, and the court erred in admitting them over the objections. In *People* v. *Ross*, 325 Ill. 417, this court held that the Statute of Limitations in criminal cases differs from such statutes in civil cases, "in that in the latter they are statutes of repose while in the former they create a bar to the prosecution, * * * a surrendering by the sovereign of its right to prosecute. The statute is not a process to be strictly and grudgingly applied, but an amnesty declaring that after a certain time oblivion shall be cast over the offense and that the offender may from thenceforth cease to preserve the proofs of his innocence, for the proofs of his guilt are blotted out." The record in this case is filled with a mass of incompetent evidence, confusing in its nature. The trial court should not have permitted evidence of all the transactions of the township treasurer's office over a twelve-year period to have been introduced. A large part of this evidence, as stated above, was barred by the Statute of Limitations. Its introduction

might naturally have caused the jury to believe that Lee was guilty, since such large sums of money had been paid to him during his term of office and such a small amount of it was available when his term ended. The introduction of this incompetent testimony constituted reversible error, as it was both misleading to the jury and prejudicial to the accused.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE HERRICK, dissenting:

So far as the majority opinion holds that the trial court committed reversible error against the defendant I am in accord with that opinion. I do not agree with the conclusion that the indictment in this case was sufficient as a proper pleading and that it aptly charged a criminal offense. The indictment should have charged that the funds alleged to have been embezzled were the property of the trustees of schools of the township. The court in passing upon the sufficiency of an indictment is not permitted to depart from the words employed in the indictment and speculate as to the possible intention or thought of the drawer of the indictment. Neither can the court supply matters of substance that have been omitted nor change or alter matters of substance ·which are charged by the indictment. (*People* v. *Hallberg,* 259 Ill. 502.) The sufficiency of an indictment may be raised by motion in arrest after plea of guilty and judgment rendered thereon. *Klawanski* v. *People,* 218 Ill. 481.

The legal title to the funds of the school district was in the trustees of schools. The school directors have the authority, under the statute, to levy a tax for school purposes and building purposes, yet it is significant that there is at no time provision for the payment to the school directors of any of the funds so raised by taxes. The statute limits their right to cause any of the money to be paid

out. They have no legal authority to draw a check upon the funds. The most that is permitted them is to draw orders on the treasurer for the payment of a valid existing indebtedness which has been incurred in the manner provided by law. Such orders must state upon their face, except in the case of orders payable for the services of the teachers, for what purpose the orders are drawn. School orders drawn by school directors upon the township treasurer, where such orders are drawn without authority of law, cannot be collected from the directors even though the order may be in the hands of an innocent purchaser for value. *School Directors* v. *Fogleman,* 76 Ill. 189.

An examination of the various provisions of the statute pertinent to the subject of the taxes will disclose that the school directors have no vested interest in the funds. The funds may be apportioned in the case of the organization of a new school district. (*Ketcham* v. *Board of Education,* 324 Ill. 314.) This court has also held that the property and funds of a school district are at all times subject to the control of the legislature. (*People* v. *Camargo School District,* 313 Ill. 321.) The evidence showed that all the funds that came to the treasurer were tax funds.

In determining the validity of the indictment under consideration, the name of the municipal corporation or body politic that could maintain a suit against the treasurer and his bondsmen for the recovery of the funds alleged to be embezzled is helpful. The case of *Tappan* v. *People,* 67 Ill. 339, involved a suit brought by the trustees of schools against a defaulting township treasurer and his bondsmen to recover certain township funds and the amount of district school taxes levied in eight school districts of the school township, collected by the township treasurer and not accounted for. In that case it was urged in behalf of the defendants that the suit should have been brought for the use of the successor township treasurer or for the use of the several school districts. In passing upon this ques-

tion the court said: "We do not regard the objection as well taken that the suit should have been brought for the use of the township treasurer instead of the trustees of schools, and we consider as equally unfounded the claim that the suit should have been brought for the use of the school directors of the districts. Although these district school taxes are levied by the school directors for the benefit of the school districts, they do not, under the statute, go into the hands or the keeping of the school directors but they are paid into the hands of the township treasurer, to be by him kept and only paid out upon the order of the proper board of school directors, stating the purpose for which and on what account drawn. School districts, too, are subject to be altered or changed at any regular session of the school trustees, and in case of the formation of a new district from one or more districts the township trustees of schools are required by the statute to make division of the tax funds in the hands of the township treasurer, or which may be received by him, and distribute them among the districts concerned according to a certain mode pointed out in the statute. In order, then, to meet the contingency of any alteration of the school districts by the township trustees it is necessary that the taxes should go into the hands of the township treasurer, where the trustees can control any division and distribution of them they may make. We are of opinion that the suit was properly brought for the use of the trustees of schools of the township."

In an early case in this State a suit was brought by the trustees of schools against a township treasurer and his bondsmen to recover school funds which came into the custody and possession of the township treasurer. A judgment recovered by such trustees against the treasurer and his bondsmen was affirmed by this court. *Thompson* v. *Board of Trustees*, 30 Ill. 99.

It is imperative that the indictment correctly charge the ownership of the funds alleged to have been embezzled

and such ownership must be proved as charged. *People* v. *Hobbs*, 352 Ill. 224.

I am of the opinion that the trial court erred in refusing to quash the indictment, and in the alternative the motion made by the defendant in arrest of the judgment should have been granted.

JUSTICES FARTHING and SHAW concur in this dissenting opinion.