THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
ROBERT GRIFFITHS, Defendant-Appellee.
Fourth District   No. 14892

Opinion filed December 29, 1978.

---

Paul C. Komada, State's Attorney, of Charleston (Robert C. Perry and Marc D. Towler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Ronald Tulin, of Ronald Tulin, Ltd., of Charleston, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant Robert Griffiths was charged by information in the circuit court of Coles County with the offenses of failure to make and keep records of controlled substances administered, dispensed or professionally used by him as a dentist and with failure to furnish those records, all as required by section 406(a)(3) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1406(a)(3)). The count charging defendant with failure to furnish the records was dismissed upon the State's motion and is not before us. Over defense objections, the trial court permitted the State first to amend the count charging defendant with failing to make and keep the records and then permitted the State to withdraw the amendment so as to leave the count as originally filed. The trial court subsequently allowed a defense motion to dismiss the count as barred by the 18-month limitation for the filing of misdemeanor charges prescribed by section 3—5(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—5(b)). The State filed timely notice of appeal.

The State asserts that the offense alleged was a continuing one and that the last date upon which the offense was alleged to have occurred was within the 18-month period of limitations, thereby rendering that

limitation inapplicable. Defendant disagrees, contends that we have no jurisdiction because the order of dismissal was not appealable and maintains that the trial court erred in permitting the State to withdraw the amendment to the information.

We first must consider defendant's assertion that the order was not appealable. The order was pronounced in open court on February 9, 1978, and a written order was placed on file on February 24, 1978. In addition to dismissing the charge, the order granted leave to the State to file an amended count on or before February 23, 1978. The parties agree that the record as supplemented also shows that (1) upon the trial court's pronouncement of the order of dismissal, the defendant requested that his bond be "returned," (2) the prosecutor responded that he had no objection "unless the State filed notice of appeal," and (3) the defendant's bond has not been discharged.

■■ Our jurisdiction stems from section 6 of article VI of the Illinois Constitution of 1970 which provides that (1) except where appeals lie directly to the supreme court and except in cases of an acquittal after a trial on the merits, all final judgments of the circuit court are appealable as a matter of right to this court, and (2) the supreme court is empowered to provide by rule for appeals from "other than final judgments" of the circuit court to this court. Pursuant to that rule making power, the supreme court enacted its Rule 604(a)(1) (58 Ill. 2d R. 604(a)(1)) which permits appeals by the State of orders "the substantive effect of which results in dismissing a charge" for grounds set forth in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1). Section 114—1(a)(2) provides for the dismissal of charges when they are barred by the limitations set forth in section 3—5 of the Criminal Code. Thus, appealability of the order in question turns on whether it has the "substantive effect" of dismissing the charge.

In *People v. Scholin* (1975), 62 Ill. 2d 372, 342 N.E.2d 388, the supreme court affirmed this court (21 Ill. App. 3d 436, 315 N.E.2d 661), ruling that where the trial court dismissed a charge for failing to state a crime but (1) granted the State leave to file an amended charge within 5 days, (2) ordered the defendant to continue on bond, and (3) set a subsequent date of arraignment, the order did not have the substantive effect of dismissing the charge and was not appealable. In *People v. Heddins* (1977), 66 Ill. 2d 404, 362 N.E.2d 1260, the trial court dismissed a charge because it considered the prosecutor to be insisting that it accept a plea agreement including sentence without a presentence report being provided. The supreme court noted that the dismissal order stated that the defendant was to be held to bond pending further proceedings and "until such time as either an appeal is taken or other proceedings" (66 Ill. 2d 404, 406, 362 N.E.2d 1260, 1261). The supreme court reasoned that as the order contemplated further action in the trial court, it did not have the

effect of dismissing the charge. However, the opinion stated by way of dictum that the *Scholin* order would have had the effect of dismissing the charge after the 5-day period of amendment had expired.

■ In the case before us, the time set forth in the dismissal order for filing the amendment had expired by the time the dismissal order was filed. The defendant remained on bond thereafter but the record does not show whether the circuit court had ruled on the request of the defendant to discharge his bond. We find the "substantive effect" of the order to be to dismiss the charge and rule that order to be appealable.

The controlling question which we now face is whether the offense charged is a continuing one. Under section 3—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 3—8), the period of limitations for an offense based on a series of acts performed at different times begins to run at the time when the last such act is committed. By definition of the word "act" in the Code, this rule is similarly applicable to an offense based on a series of failures to act (Ill. Rev. Stat. 1977, ch. 38, par. 2—2). The offense here in question deals with a failure to act.

The count in question here charged that the offense occurred during a period from March 30, 1975, to March 30, 1977. The portion of that time from March 30, 1975, to March 15, 1976, was more than 18 months prior to the filing date of the information. Thus, the 18-month limitation barred prosecution for any failure to act during that period unless the offense was a continuing one based on a series of failures to perform the required making and keeping of records.

Section 406(a)(3) of the Controlled Substances Act under which the count was brought states:

"(a) It is unlawful for any person:
❋ ❋ ❋

(3) to refuse or fail to make, keep or furnish any record, notification, order form, statement, invoice or information required under this Act." (Ill. Rev. Stat. 1977, ch. 56½, par. 1406(a)(3).)

That provision does not of itself fully define a crime and can only do so when combined with some other provision of the Act. The principal record making and keeping requirement of the Act imposed upon practitioners is that set forth in section 312(d) of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1312(d)). In *People v. McPherson* (1978), 65 Ill. App. 3d 772, 382 N.E.2d 858, this court ruled that provision to be unconstitutionally vague and, therefore, void. Accordingly, section 312(d) cannot be the basis for a determination that the court set forth a continuing offense.

Section 306 of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1306) sets forth:

"Every practitioner and person registered to manufacture,

distribute or dispense controlled substances under this Act shall keep records and maintain inventories in conformance with the recordkeeping and inventory requirements of the laws of the United States and with any additional rules and forms issued by the Department of Registration and Education."

The only Federal law called to our attention imposing a record making or keeping responsibility on practitioners is 21 U.S.C. §827 (1972) which requires them to make certain records and keep them for at least 2 years. If this statute, together with section 406(a)(3), describes an offense continuing for 2 years, the 18-month limitation period was not a bar to the instant charge.

In *Toussie v. United States* (1970), 397 U.S. 112, 25 L. Ed. 2d 156, 90 S. Ct. 858, the United States Supreme Court ruled that legislation requiring persons born after a certain date to register for military service on their 18th birthday or within 5 days thereafter did not create a continuing offense for those who failed to do so. It held the offense to be complete upon the person's failure to register within the 5-day period and stated that a particular offense should never be construed to be a continuing one "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." 397 U. S. 112, 115, 25 L. Ed. 2d 156, 161, 90 S. Ct. 858, 860.

■■ Black's Law Dictionary (4th ed. 1968) defines the verb "keep" as "to continue * * * to * * * retain in one's power or possession; * * * [and] [t]o maintain continuously and methodically for the purpose of a record." Here the references to that verb in section 406(a)(3) of the Act and 21 U.S.C. 827 compel a conclusion that the offense charged be construed as a continuing one. The provision of the latter legislation limiting the period for which the records must be kept to 2 years strengthens the interpretation. If the duty to keep was forever, a construction of the requirement to be of a continuing nature would be less reasonable.

Construing the legislation to provide for a continuing offense is consistent with the decision in *United States v. Belfast Fabrics Corp.* (S.D.N.Y. 1946), 65 F. Supp. 567 (record-keeping), *United States v. Morrison* (N.D. Ill. 1967), 43 F.R.D. 516 (concealing and failure to disclose death of social security beneficiary), *United States v. Franklin* (7th Cir. 1951), 188 F.2d 182 (failure to register as an alien), and *United States v. Guertler* (2d Cir. 1945), 147 F.2d 796 (failure to notify draft board of change of residence).

Defendant relies upon *People v. Lee* (1934), 356 Ill. 294, 190 N.E. 264, *People v. Barrett* (1950), 405 Ill. 188, 90 N.E.2d 94, *People v. Criswell* (1973), 12 Ill. App. 3d 102, 298 N.E.2d 391, *Weimer v. People* (1900), 186

Ill. 503, 58 N.E. 378, and *State v. Weiler* (Mo. 1960), 338 S.W.2d 878. As the State points out, however, all of those cases with the exception of *Criswell* involve prosecution for embezzlement and were decided on the grounds that the statute of limitations on embezzlement begins to run when the embezzlement is complete and not when it is discovered. As such, they are no aid to the determination necessary here.

In *Criswell*, defendant had, on September 19, 1966, buried the dead body of his stepfather. He was charged on October 24, 1969, with murder (for which he was acquitted) and obstructing justice. Defendant contended that the latter charge was barred by an 18-month statute of limitations. The State contended that defendant's failure to dig up the body or inform the authorities was a continuous course of conduct constituting obstruction of justice. The court ruled on defendant's behalf, finding the failure to inform the authorities not to constitute a continuing offense.

■■ The offense charged here could have been a continuing one. The trial court erred in dismissing the charge as showing on its face that it was barred by the 18-month period of limitation.

Any error by the trial court in allowing the State to withdraw its amendment would not support the order on appeal which defendant as appellee seeks to uphold. The information as amended set forth a time span unaffected by the 18-month period of limitations.

For the reasons stated, we reverse the order of dismissal and remand to the circuit court of Coles County for further proceedings.

Reversed and remanded.

MILLS and TRAPP, JJ., concur.