THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERNEST DOWTHARD, Defendant-Appellant.

Third District   No. 3—89—0383

Opinion filed May 10, 1990.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, the defendant, Ernest Dowthard, was found guilty of bringing contraband into a State penal institution (Ill. Rev. Stat. 1987, ch. 38, par. 31A—1.1a) and unlawful possession of cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 704(a)). At the sentencing hearing, the trial court vacated the judgment entered on the unlawful possession charge and sentenced the defendant to three years' imprisonment for bringing contraband into a State penal institution. Based on section 5—8—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h)), the trial court ordered that the sentence be served consecutive to the sentence entered on an earlier conviction. The defendant appeals.

The record shows that on January 22, 1989, the defendant was on pretrial release awaiting trial on a charge of unlawful possession of cannabis with the intent to deliver (Ill. Rev. Stat. 1987, ch. 56½,

par. 705(d)). On that date, the defendant went to the Peoria Community Correctional Center (Center) to deliver a message to one of the residents. The facility was located on the second floor of the building. The defendant ascended the flight of stairs to the second-floor landing and approached the visitor's window. He was requested to fill out certain forms and turn over his driver's license. After this was done, corrections counselor Verna Harris came out to the landing or foyer area to conduct a pat-down search of the defendant. Harris requested that the defendant empty his pockets. The defendant placed two packs of cigarettes on the counter, one of which was open. Harris inspected the open pack and discovered what appeared to be contraband inside the package. The record shows that tests conducted on the contents of the package revealed the presence of 2.1 grams of cannabis.

On appeal the defendant contends that his conviction for bringing contraband into a State penal institution must be reduced to an attempt. He contends the evidence shows he was in a public area near a penal institution at the time he was found to be in possession of cannabis, and that he did not introduce the contraband "into" that institution within the meaning of section 31A—1.1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 31A—1.1(a)). The defendant argues that he had not actually entered the penal institution at the time the contraband was discovered because the foyer area was a public area outside the official "glassed-in area of the Center." We find that under the circumstances the defendant's contention is without merit.

Both the defendant and the State discuss *People v. Turnbeaugh* (1983), 116 Ill. App. 3d 199, 451 N.E.2d 1016. In *Turnbeaugh,* the defendant drove his car onto an access road leading to a State prison. When he entered the access road he passed a sign indicating that persons and vehicles were subject to search. On this access road the defendant was stopped by a guard and his car was searched. Cannabis was found in the car. The court in *Turnbeaugh* dismissed the defendant's contention that the facts did not prove that the defendant committed the offense of bringing contraband "into" a penal institution. It found no merit to the defendant's contention that he had not brought contraband "into" a penal institution because he had not passed through the door or gate of the institution. At the time of the search he was on the grounds of the institution.

■ In the instant case, the entire second floor was occupied by the Center. The search was conducted on the second floor. A large sign was posted at the bottom of the stairs which stated, "All visi-

tors are subject to search." The defendant would have no other reason for being in this area except visiting the Center. The foyer area served no other purpose other than an entrance area of the Center. We find that under the circumstances the defendant was within a State penal institution at the time the contraband was discovered.

■ The defendant also contends that his three-year consecutive sentence must be vacated and the cause remanded because section 5—8—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h)) is unconstitutional. Because the defendant committed the instant felony while on pretrial release for an earlier felony and had been convicted in that case, the trial court held that section 5—8—4(h) required the sentence in the instant case to be served consecutive to the sentence the defendant received for the earlier offense. The defendant alleges that section 5—8—4(h) violates article I, section 11, of the Constitution of the State of Illinois and the separation of powers doctrine. The State contends the defendant has waived this issue by raising only a due process challenge to the statute in the trial court. However, a constitutional challenge to a statute can be raised at any time. *People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.

Section 5—8—4(h) provides: "If a person charged with a felony commits a separate felony while on pre-trial release, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(h).) The gist of the defendant's argument is that section 5—8—4(h) curtails the discretion of the trial court in fashioning a sentence in line with the seriousness of the offense and the rehabilitative potential of the defendant.

■ In *People v. Belton* (1989), 184 Ill. App. 3d 1001, 540 N.E.2d 990, section 5—8—4(h) was held not to violate due process or the separation of powers doctrine. We agree with the *Belton* court and find that section 5—8—4(h) is reasonably designed to remedy the threat posed by persons who commit crimes while on bond. As the *Belton* court noted, similar constitutional challenges have been rejected by the Illinois courts. (See *People v. Taylor* (1984), 102 Ill. 2d 201, 464 N.E.2d 1059 (upholding mandatory life sentencing provision); *People v. Hartfield* (1985), 137 Ill. App. 3d 679, 484 N.E.2d 1136 (upholding mandatory life imprisonment under habitual criminal statute).) In addition, we agree with the *Belton* court that section 5—8—4(h) does not unduly infringe on judicial sentencing authority. The trial court continued to have the authority to sentence the defendant

within the sentencing parameters for a Class 4 felony.

Therefore, the judgement of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.