**UNITED STATES of America, Appellee,**

v.

**Porfirio LOPEZ, also known as Larry Guffei, Defendant–Appellant.**

**No. 1044, Docket 91–1641.**

United States Court of Appeals,
Second Circuit.

Submitted March 13, 1992.
Decided April 13, 1992.

Frank J. Riccio, Bridgeport, Conn., for defendant-appellant.

Albert S. Dabrowski, U.S. Atty., James I. Glasser, Asst. U.S. Atty., New Haven, Conn., for appellee.

Before: OAKES, Chief Judge,
WALKER, Circuit Judge, and PARKER,* District Judge.

PER CURIAM:

Porfirio Lopez appeals from his sentence contained within a judgment of conviction entered following his plea of guilty on September 30, 1991 in the United States District Court for the District of Connecticut, Warren W. Eginton, *Judge,* for failure to appear for sentencing, in violation of 18 U.S.C. § 3146(a)(1) (1988). Lopez contends in this appeal that he should not have been sentenced under the Sentencing Guidelines because his failure to appear for sentencing occurred on May 27, 1987, prior to the November 1, 1987 effective date of the Guidelines. For the reasons set forth below, we affirm the sentence imposed by the district court.

On April 7, 1987, Lopez entered a plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). He was scheduled for sentencing on May 27, 1987, but he failed to appear and an arrest warrant was issued. Over two and a half years later, on February 24, 1990, Lopez was arrested by Connecticut authorities on unrelated narcotics charges. A federal grand jury then returned a one-count indictment on June 26, 1991, charging Lopez with failure to appear for his earlier sentencing on May 27, 1987 in violation of 18 U.S.C. §§ 3146(a)(1), 3146(b)(1)(A)(i) (1988).

On July 26, 1991, Lopez entered a plea of guilty for failure to appear before the district court pursuant to a written plea agreement with the government. In the plea agreement, Lopez acknowledged that the Sentencing Guidelines applied to his conviction for failure to appear.

Late in the afternoon of the day before he was to be sentenced, Lopez filed a motion to preclude the application of the Sentencing Guidelines to his case, claiming that the offense was completed on May 27, 1987, before the November 1, 1987 effective date of the Guidelines.

At the sentencing hearing, the district court heard arguments on the applicability of the Guidelines and decided that failure to appear was a continuing offense and, therefore, that Lopez's conviction was subject to sentencing under the Guidelines. The district court then sentenced Lopez to a term of 21 months' imprisonment to run consecutively with another sentence, and a three-year term of supervised release. This appeal followed.

The classification of a particular offense as "continuing" triggers the application of the Sentencing Guidelines when the offense began before the November 1, 1987 effective date of the Guidelines but "continues" beyond that date. *See United States v. Azeem,* 946 F.2d 13, 15–16 (2d Cir.1991). Lopez argues that the crime of failure to appear is not a continuing offense and, therefore, that the district court should not have applied the Guidelines in his case. We disagree.

In *Toussie v. United States,* 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970), the Supreme Court explained that an offense will be deemed continuing when "the *explicit language* of the substantive criminal statute compels such a conclusion, or the *nature of the crime involved* is such that Congress must assuredly have intended that it be treated as a continuing one." (Emphasis added.)

The explicit language of the failure to appear statute does not indicate whether it is a continuing offense. However, the nature of the crime involved supports the

* The Honorable Fred I. Parker, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

conclusion that the offense is continuing. The crime of failure to appear is designed "to deter those who would obstruct law enforcement by failing knowingly to appear for trial or other judicial appearances and to punish those who indeed fail to appear." S.Rep. No. 225, 98th Cong., 2d Sess. 30, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3213. As the Senate Report on the bill explained:

> Even if apprehended, many defendants could hide for periods long enough for the government's case, especially for major offenses, to grow weaker because of the unavailability of witnesses, memory lapses, and the like and thereby defeat the government's prosecutive efforts. They would then be subject only to the criminal contempt charges, the sentence for which was usually of considerably less gravity than for the original offense.

*Id.* The nature of this offense is continuing because each day that the defendant is absent enhances the dangers of delay in processing criminal cases that the statute was designed to protect against.

Furthermore, no statute of limitations applies to the crime of failure to appear, providing further evidence that the evils of the offense are continuing. *See United States v. Gray*, 876 F.2d 1411, 1419 (9th Cir.1989) (holding that 18 U.S.C. § 3290 which provides that "[n]o statute of limitations shall extend to any person fleeing from justice," applies to the failure to appear statute), *cert. denied*, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990); *cf. United States v. Catino*, 735 F.2d 718, 722–23 (2d Cir.) (a person who fails to appear for sentencing is "fleeing from justice."), *cert. denied*, 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984).

Finally, the Ninth Circuit concluded that the failure to appear is a continuing offense in the only case to address the issue directly. *See United States v. Gray*, 876 F.2d at 1419 (9th Cir.1989); *cf. United States v. Bailey*, 444 U.S. 394, 413, 100 S.Ct. 624, 636, 62 L.Ed.2d 575 (1980) (holding that escape from federal custody is a continuing offense and that "an escapee can be held liable for failure to return to custody as well as for his initial departure").

Therefore, we conclude that the district court decided correctly to sentence appellant under the Guidelines because the crime of failure to appear is a continuing violation.

We also note, in response to appellant's other contention, that the application of the Sentencing Guidelines to offenses arising prior to November 1, 1987 but continuing after that date does not violate the Ex Post Facto Clause. *United States v. Story*, 891 F.2d 988, 995 (2d Cir.1989).

Accordingly, the sentence imposed by the district court is affirmed.