# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARK A. BROWN,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-233

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mark A. Brown pleaded guilty to failure to appear, in violation of 18 U.S.C. § 3146(a)(1). Pursuant to Sentencing Guideline § 4A1.1(d) ("[a]dd 2 [criminal-history] points if the defendant committed the instant offense while under any criminal justice sentence"), he challenges the district court's assessment of two criminal-history points based upon his committing the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

failure-to-appear offense while under a separate state criminal justice sentence.

A federal bench warrant was issued for Brown's arrest following his failure to appear at a May 2010 suppression hearing (related to a charge of being a felon in possession of a firearm). In the time between his absconding in 2010 and his arrest by state authorities in January 2013, Brown committed other offenses, including burglary of a building. On 6 June 2014, a state court sentenced him to ten months' imprisonment for that offense. Five days later, the federal bench warrant was executed, and Brown was taken into federal custody.

In calculating the Guidelines advisory sentencing range for his failure-to-appear offense, Brown's Presentence Investigation Report (PSR) added two points to his criminal-history score pursuant to Guideline § 4A1.1(d). The PSR stated the two points were appropriate because Brown committed his failure-to-appear offense while under his 6 June 2014 state sentence for burglary of a building. Brown did not object to the PSR, which recommended a Guidelines sentencing range of 24 to 30 months' imprisonment. The district court adopted the PSR, departed upward, and sentenced Brown to 48 months' imprisonment.

Brown challenges the court's application of § 4A1.1(d). He asserts his 6 June 2014 state-court sentence cannot support the two criminal-history points, because the sentence occurred after his 2010 failure-to-appear offense. Along that line, the relevant inquiry is whether failure to appear is a "continuing offense" that was ongoing from the time it was committed until Brown's transfer to federal custody.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must

still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Brown concedes, he did not object in district court to the assessment of the two criminal-history points. Because the issue was not preserved in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Brown must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Guideline § 4A1.1(d) provides two points must be added to a defendant's criminal-history score if the instant offense was committed while the defendant was under, *inter alia*, a criminal justice sentence. Brown contends his failure to appear occurred in 2010, when he was not under his 6 June 2014 state-court sentence. He further asserts that, even if the failure-to-appear offense is a continuing one, it ceased to continue when he was taken into state custody in January 2013. Although he concedes the court would have still departed upward, he contends, without those two points, he would have received a lower Guidelines sentencing range and a lesser sentence.

Our court and other circuits have concluded a failure-to-appear offense is a continuing one. *See United States v. Szucko*, No. 92-2698, 1993 WL 481583, at 2 n.5 (5th Cir. 3 Nov. 1993) (unpublished); *see also United States v. McIntosh*, 702 F.3d 381, 387 (7th Cir. 2012); *United States v. Alcarez Camacho*, 340 F.3d 794, 796–97 (9th Cir. 2003); *United States v. Green,* 305 F.3d 422,

No. 15-20255

432–33 (6th Cir. 2002); *United States v. Lopez*, 961 F.2d 1058, 1059–60 (2d Cir. 1992); *United States v. Martinez*, 890 F.2d 1088, 1092 (10th Cir. 1989). But, our court has not yet addressed whether failure to appear ceases to continue when a defendant is taken into state custody on an unrelated state criminal matter. In any event, "[w]e ordinarily do not find plain [(clear or obvious)] error when we have not previously addressed an issue[;] [e]ven where the argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error". *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citations omitted). Accordingly, given the absence of clear authority that Brown's failure-to-appear offense ceased to continue when he was arrested by state authorities, he fails to show the district court committed the requisite clear-or-obvious error. *See United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011).

Even assuming, *arguendo*, Brown's offense ceased to continue, the court did not commit clear-or-obvious error in applying § 4A1.1(d). The PSR stated Brown was using an alias when he was arrested in 2013, and the record does not indicate when his true identity was verified by state authorities, or when federal authorities were notified he was in state custody. Although his identity was clear by the time he was sentenced on his state burglary charge, the district court did not clearly or obviously err in impliedly concluding Brown's federal failure-to-appear offense continued until he was "eventually identified" and returned to federal custody on 11 June 2014. *See Puckett*, 556 U.S. at 135.

AFFIRMED.

4