# Illinois Official Reports

## Supreme Court

*People v. Casas*, 2017 IL 120797

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FERNANDO CASAS, JR., Appellant. |
| Docket No. | 120797 |
| Filed | December 5, 2017 |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal form the Circuit Court of Du Page County, the Hon. Liam C. Brennan, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Mark H. Kusatzky and Julie M. Campbell, both of Northfield, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Eldad Z. Malamuth, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. |
| | Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following the indictment and subsequent superseding information against defendant, Fernando Casas, Jr., for violation of bail bond, the circuit court of Du Page County dismissed the information for failure to comply with the statute of limitations, and the State appealed. The appellate court reversed, holding that the information was timely and that violation of bail bond was a continuing offense pursuant to section 3-8 of the Criminal Code of 2012 (720 ILCS 5/3-8 (West 2014)). 2016 IL App (2d) 150456. This court allowed defendant's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Jan. 1, 2015)). For the following reasons, we now reverse the judgment of the appellate court and remand for further proceedings.

¶ 2                              I. BACKGROUND

¶ 3    In 1996, defendant was indicted by the statewide grand jury for the manufacture or delivery of cocaine in excess of 900 grams, a Class X felony. On October 16, 1996, the circuit court of Du Page County admitted defendant to bail in the amount of $750,000; he posted a 10% cash bond of $75,000. Thereafter, defendant regularly appeared in court as required for his case.

¶ 4    On June 9, 1998, however, defendant failed to appear in court, and his bond was forfeited. During the next 30 days, defendant did not surrender himself to authorities, and a bench warrant was issued for his arrest. Also, a judgment was entered in the amount of bail against defendant and for the State. Within the next six months, defendant was tried *in absentia*, found guilty of the Class X felony, and sentenced to 20 years' imprisonment.

¶ 5    On April 5, 2014, approximately 18 years after defendant was first indicted, the police stopped defendant for a traffic offense in Du Page County. During that stop, defendant gave the police false identification. In subsequent conversations with the police, defendant revealed his true identity and admitted he had used false identities, including one he purchased in Mexico, to avoid apprehension. Subsequently, defendant began serving his 20-year sentence for manufacture or delivery of cocaine.

¶ 6    Based on these facts, defendant was indicted in December 2014 for the violation of his 1996 bail bond. The State's indictment alleged that defendant forfeited his bond by failing to appear in court on June 9, 1998, and by knowingly failing to surrender himself within 30 days of that date. The offense was charged as a Class 1 felony because defendant's underlying cocaine charge was a Class X felony.

¶ 7    Defendant moved to dismiss the indictment, arguing that prosecution for violation of his bail bond was time-barred. More specifically, defendant claimed that, under the general statute of limitations for felonies, the State had three years, or until July 9, 2001, to bring the bail-bond charge against him. Defendant noted that more than three years had passed, and he asserted that the State did not allege any facts in the charging instrument that would toll or extend the three-year limitations period.

¶ 8    In response, the State filed a superseding information, which alleged as follows:

   "[O]n or about July 9, 1998, and continuing through and until April 5, 2014, [defendant] committed the offense of VIOLATION OF BAIL BOND, a Class 1 felony, in that *** defendant, after having been admitted to bail on or about October 16, 1996, for appearance in the Circuit Court of Du Page County *** in case 96 CF 1920, and on or about June 9, 1998, he incurred a forfeiture of his bail and thereafter knowingly,

- 2 -

willfully, and unlawfully failed to surrender himself within 30 days following the date of the forfeiture of the bail, in violation of Chapter 720, Section 5/32-10(a) of the Illinois Compiled Statutes; and because Violation of Bail Bond should be considered a continuing offense, the statute of limitations did not start running until April 5, 2014, when defendant was apprehended and admitted that he used false identity to evade prosecution."

¶ 9　　In a footnote, the State asserted that "[t]his Court is bound by *People v. Grogan*, 197 Ill. App. 3d 18, 143 Ill. Dec. 730, 554 N.E.2d 665 (1st Dist.1990), which held that violation of a bail bond is *not* a continuing offense." (Emphasis in original.) The State then noted that it, with the superseding information, was "mak[ing] a good[-]faith argument that *Grogan* was improperly decided and should be overruled."

¶ 10　　The circuit court granted defendant's motion to dismiss, finding that, pursuant to *Grogan*, the State's prosecution of defendant for violation of bail bond was time-barred. The State appealed.

¶ 11　　On appeal, the State argued that violation of bail bond is a continuing offense and that *Grogan* was wrongly decided. The appellate court agreed. 2016 IL App (2d) 150456, ¶ 9.

¶ 12　　The appellate court observed that *Grogan* held "[t]he offense of violation of bail bond, unlike the offense of escape of a convicted felon, is *** not the kind of offense that poses a continuing threat to society, nor can it *** be defined as a series of related acts constituting a single [course] of conduct, such as conspiracy or embezzlement." (Internal quotation marks omitted.) *Id.* ¶ 15.

¶ 13　　The appellate court determined that the *Grogan* court was wrong on both points and that it had misapprehended the nature of the offense. *Id.* ¶ 17. The court further "determin[ed] that the legislature intended that, like escape, violation of bail bond would be treated as a continuing offense. The nature of the offense is that the offender has secured bond and fled. Like escape, wherever else the bail-bond offender is, he is not where he is lawfully supposed to be; he has breached his lawful custody and obstructed justice." *Id.* ¶ 18.

¶ 14　　The appellate court reversed the circuit court, holding that violation of bail bond is a continuing offense and that the superseding information filed within three years of defendant's 2014 arrest was timely. The appellate court explained that it could not overrule *Grogan* since it was a court of equal stature; however, it expressed its view that *Grogan* should no longer be followed. *Id.* ¶ 23. The court declined to address the State's alternative argument that the statute of limitations had not expired while defendant was a fugitive because he used a false identity and, thus, pursuant to section 3-7(a) of the Criminal Code of 2012, defendant was not usually and publicly resident within the State. 720 ILCS 5/3-7(a) (West 2014). Defendant appeals to this court.

¶ 15　　　　　　　　　　　　　II. ANALYSIS

¶ 16　　Before this court, defendant assigns error to the appellate court's determination that the legislature intended violation of bail bond be treated as a continuing offense. Defendant contends, *inter alia*, that violation of bail bond is not a continuing offense and that the State charged him after the statute of limitations had expired. The State responds that violation of bail bond should be considered a continuing offense and, as such, the limitations period began to run once defendant was apprehended. According to the State, since defendant was charged

with the bail-bond offense within three years from the date of his 2014 arrest, the information was timely. Here, we are asked to determine if the criminal charge for violation of bail bond is a continuing offense and, if so, whether the information against defendant was time-barred.

¶ 17    Review of a circuit court's dismissal of an information based on the violation of the statute of limitations involves a legal issue. Thus, our review is *de novo*. *People v. Macon*, 396 Ill. App. 3d 451, 454 (2009); *People v. Mann*, 341 Ill. App. 3d 832, 836 (2003). Resolution of this issue also requires us to construe the relevant statutory language. Our review is *de novo* because the construction of a statute is a question of law. *People v. Chenoweth*, 2015 IL 116898, ¶ 20; *People v. Gutman*, 2011 IL 110338, ¶ 12.

¶ 18    The principles guiding our analysis are well established. The primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation. Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. Also, a court presumes that the General Assembly did not intend to create absurd, inconvenient, or unjust results. *People v. Perez*, 2014 IL 115927, ¶ 9; *People v. Hunter*, 2013 IL 114100, ¶ 13. If possible, the court must not depart from the statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express. *People v. McChriston*, 2014 IL 115310, ¶¶ 22-23; *People v. Ellis*, 199 Ill. 2d 28, 39 (2002).

¶ 19    A statute of limitations represents a legislative assessment of the relative interests of the State and the defendant in administering and receiving justice. *Chenoweth*, 2015 IL 116898, ¶ 22 (citing *United States v. Marion*, 404 U.S. 307, 322 (1971)). The establishment of limitations periods is properly left to the legislature based on its determination of what the public policy of this state should be with respect to specific crimes. *Id.*; *People v. Isaacs*, 37 Ill. 2d 205, 229 (1967); *People v. Berg*, 277 Ill. App. 3d 549, 552 (1996). The purpose of providing limitations periods for offenses is to minimize the danger of punishment for conduct that occurred in the distant past, to encourage the State to be diligent in its investigation, and to provide the trier of fact with evidence that is fresh and not distorted or diluted by the passage of time. *Macon*, 396 Ill. App. 3d at 456; *Berg*, 277 Ill. App. 3d at 552-53 (citing *People v. Strait*, 72 Ill. 2d 503, 506 (1978)).

¶ 20    The statute of limitations for a felony offense is set forth in section 3-5(b) of the Criminal Code of 1961 (Code), which provides that a prosecution for a felony must be commenced within three years after the commission of the offense. 720 ILCS 5/3-5(b) (West 1998);[1] *Chenoweth*, 2015 IL 116898, ¶¶ 22-23.

¶ 21    In the case at bar, defendant contends that section 3-5(b) of the Code applies because violation of bail bond is a completed offense 30 days after the bond forfeiture. 720 ILCS 5/3-5(b) (West 1998). Defendant, relying on *Grogan*, further contends that violation of bail bond, unlike the offense of escape, is not a series of related acts constituting a single course of

---

[1]Here, we have cited the version of the statute in effect at the time defendant first failed to appear. The statutes cited are unchanged in all respects relevant to this offense.

conduct. The State responds that violation of bail bond, analogous to the offense of escape, is a single course of conduct and that conduct continues beyond the initial commission of the offense, such that it is a continuing offense.

¶ 22    An offense is continuing if it is defined as such by the statutory language or a court can find that the nature of the offense is such that the legislature must have intended that it be continuing. *Toussie v. United States*, 397 U.S. 112, 115 (1970); see, *e.g.*, *Rimer v. State*, 351 P.3d 697, 706 (Nev. 2015). The continuing offense exception to the statute of limitations is codified in section 3-8 of the Code, which states in pertinent part: "When an offense is based on a series of acts performed at different times, the period of limitation prescribed by this Article starts at the time when the last such act is committed." 720 ILCS 5/3-8 (West 1998).

¶ 23    Illinois law holds that the continuing offense exception applies in certain instances, such as where the crime is escape from custody (*People v. Miller*, 157 Ill. App. 3d 43, 46 (1987)), criminal contempt (*People v. Levinson*, 75 Ill. App. 3d 429, 435-36 (1979); *People ex rel. Chicago Bar Ass'n v. Barasch*, 21 Ill. 2d 407, 412 (1961)), recordkeeping (*People v. Griffiths*, 67 Ill. App. 3d 16, 20, (1978)), embezzlement (*People v. Adams*, 106 Ill. App. 2d 396, 405 (1969); *People v. Barrett*, 405 Ill. 188, 194 (1950)), and conspiracy (*People v. Cooper*, 239 Ill. App. 3d 336, 357 (1992); *People v. Konkowski*, 378 Ill. 616, 621 (1941)).

¶ 24    The plain language of the statute indicates that the offense of violation of bail bond is committed on the thirtieth day after forfeiture, at which time defendant has committed a felony. The statute sets forth the offense as follows:

> "(a) Whoever, having been admitted to bail for appearance before any court of this State, incurs a forfeiture of the bail and willfully fails to surrender himself within 30 days following the date of such forfeiture, commits, if the bail was given in connection with a charge of [a] felony ***, a felony of the next lower Class ***.
>
> * * *
>
> (d) Nothing in this Section shall interfere with or prevent the exercise by any court of its power [of] punishment for contempt." 720 ILCS 5/32-10(a), (d) (West 1998).

The statute does not state whether it is a continuing offense. Thus, we look to the nature of the offense to determine whether the legislature intended it be continuing.

¶ 25    As with other crimes whose statutes do not state whether they are continuing, we have reasoned that they are continuing because they comprise a series of acts that constitute a single course of conduct, such as conspiracy and embezzlement. *Barrett*, 405 Ill. at 194; *Konkowski*, 378 Ill. at 621. In the case of escape from custody and criminal contempt, our courts have reasoned that they are continuing because they involve a single impulse and an ongoing course of conduct that causes a harm, which lasts as long as the course of conduct persists. *Miller*, 157 Ill. App. 3d at 46; *Levinson*, 75 Ill. App. 3d at 436.

¶ 26    We find the United States Supreme Court opinion in *Bailey* instructive. In *Bailey*, several prisoners escaped federal custody. After apprehension, during trial, they requested a jury instruction on duress and necessity, claiming the conditions in the jail were deplorable. The court determined that, to be entitled to such an instruction, an escapee must offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a *bona fide* effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force. The Supreme Court found that escape encompasses not only the defendant's initial departure but his failure

- 5 -

to return to custody. The court reasoned that an escaped prisoner poses a continuing threat to society and, thus, " 'the nature of the crime involved is such that Congress must assuredly have intended it be treated as a continuing one.' " *United States v. Bailey*, 444 U.S. 394, 413-14 (1980) (quoting *Toussie*, 397 U.S. at 115).

¶ 27 Applying that reasoning, our appellate court in *Miller* determined that because an escaped prisoner poses a continuing threat to society it can be inferred from the nature of that crime that the Illinois legislature, like Congress, must have intended it to be a continuing offense. *Miller*, 157 Ill. App. 3d at 46. The court explained that escape encompasses both the initial departure and the failure to return to custody. *Id.*

¶ 28 Here, we find that the analogous offense of violation of bail bond also encompasses the initial departure and failure to return to court when ordered to. Accordingly, the nature of the crime supports the conclusion that the offense of violation of bail bond is continuing.

¶ 29 Defendant contends that this case is controlled by *Grogan*, which is factually similar. In *Grogan*, the defendant was found guilty of violation of bail bond. *Grogan*, 197 Ill. App. 3d at 20. He appealed, alleging ineffective assistance of counsel because his attorney did not file a motion to dismiss the indictment based on an expiration of the statute of limitations. The State had indicted the defendant five years after the bond forfeiture. To determine whether the attorney was ineffective, the court had to find the applicable statute of limitations for violation of bail bond. The *Grogan* court, looking to *Toussie*, distinguished a violation of bail bond from the offense of escape, finding that the offense of violation of bail bond, unlike the offense of escape of a convicted felon, is not the kind of offense that poses a continuing threat to society, nor can it be defined as a series of related acts constituting a single course of conduct such as conspiracy or embezzlement. *Id.* at 21-22. Defendant contends that, under *Grogan*, a violation of bail bond is a completed offense 30 days after the bond forfeiture. Defendant further refers to the applicable Illinois Pattern Jury Instruction, Criminal, No. 22.54 (3d ed. 1992), which explains that to sustain a conviction for violation of bail bond, the State must prove the following propositions: (1) that the defendant had been admitted to bail for appearance before a court in this State, (2) that the bail was forfeited, and (3) that the defendant willfully failed to surrender himself within 30 days following the forfeiture of the bail. Defendant contends that violation of bail bond is not a continuing offense because it is not a series of acts nor is it performed at different times.

¶ 30 Defendant's argument lacks merit. A condition of bail bond includes defendant's submission to "the orders and process of the court," pursuant to section 110-10(a)(2) of the Code of Criminal Procedure of 1963. 725 ILCS 5/110-10(a)(2) (West 1998). Also of significance is another condition of bail bond, which is to "[a]ppear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court." 725 ILCS 5/110-10(a)(1) (West 1998). Thus, defendant's duty did not end on the thirtieth day following his scheduled court date but continued until discharge or final order in his case. These conditions of a bail-bond offense proscribe an act that is not static or an instantaneous occurrence temporally. Accordingly, we find that defendant had a continuing duty to appear before the court, further affirming our conclusion that violation of bail bond should be treated as a continuing offense.

¶ 31    As the United States Court of Appeals for the Second Circuit explained in *United States v. Lopez*, 961 F.2d 1058, 1059-60 (2d Cir. 1992), when considering the analogous crime of failure to appear for sentencing:

> "The explicit language of the failure to appear statute does not indicate whether it is a continuing offense. However, the nature of the crime involved supports the conclusion that the offense is continuing. The crime of failure to appear is designed to deter those who would obstruct law enforcement by failing knowingly to appear for trial or other judicial appearances and to punish those who indeed fail to appear." (Internal quotation marks omitted.)

Further, in *United States v. Gray*, 876 F.2d 1411, 1419 (9th Cir. 1989), the court explained that failure to appear is a continuing offense because no separate crime exists for failure to return for sentencing after having initially failed to appear for sentencing and, because the two actions pose the same danger to society and the legal system, both are part and parcel of one continuing offense.

¶ 32    Here, the appellate court noted that violation of bail bond, like escape, encompasses not only the initial violation but the continuing failure to return. The court noted that, as with escape, "there is no separate crime in Illinois for not turning oneself in *after* the violation of his bail bond, so as to distinguish between an initial and a continuing violation." (Emphasis in original.) 2016 IL App (2d) 150456, ¶ 18. Here, as in the analogous offense of escape, it is the nature of the crime of violation of bail bond that makes it a continuing offense.

¶ 33    Defendant next contends that there is no evidence that the legislature intended that a violation of bail bond be a continuing offense. Defendant argues that the legislature acquiesced to *Grogan*. According to defendant, despite amendments to the violation-of-bail-bond statute after *Grogan*, the legislature has never indicated that the offense should be considered a crime with an extended limitations period.

¶ 34    Defendant's contention is unpersuasive because of other legislative action pointing to the opposite conclusion. Indeed, the legislature has shown that it views violation of bail bond and escape as similar offenses and has enacted statutory procedures to deal with escapees and bail-bond violators. The legislature enacted trials *in absentia* to deal with both offenses. Section 115-4.1 of the Code of Criminal Procedure of 1963 allows a defendant who, after arrest and an initial court appearance, fails to appear for trial, to be tried in his absence. The statute makes clear that it is dealing specifically with defendants who either escape or violate their bail bond: "All procedural rights guaranteed by the United States Constitution, Constitution of the State of Illinois, statutes of the State of Illinois, and rules of court shall apply to the proceedings the same as if the defendant were present in court *and had not either forfeited his bail or escaped from custody*." (Emphasis added.) 725 ILCS 5/115-4.1(a) (West 1998).

¶ 35    This court has repeatedly explained that section 115-4.1 is part of a larger statutory scheme, along with section 113-4(e) of the Code of Criminal Procedure of 1963, that provides how a court should proceed when a defendant willfully absents himself from trial. See *People v. Eppinger*, 2013 IL 114121, ¶ 23 (citing *People v. Ramirez*, 214 Ill. 2d 176, 183 (2005)). Section 113-4(e) provides in pertinent part:

> "If a defendant pleads not guilty, the court shall advise him at that time or at any later court date on which he is present that if he *escapes from custody or is released on bond*

*and fails to appear in court* when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence." (Emphasis added.) 725 ILCS 5/113-4(e) (West 1998). Thus, the legislature has recognized that escape and violation of bail bond should be treated similarly and has enacted procedures applicable to these offenses.

¶ 36 Furthermore, as the appellate court stated: "Like escape, wherever else the bail-bond offender is, he is not where he is lawfully supposed to be; he has breached his lawful custody and obstructed justice. Such acts 'pose[ ] a threat to the integrity and authority of the court.' " 2016 IL App (2d) 150456, ¶ 18 (quoting *Gray*, 876 F.2d at 1419). Thus, with both escape and violation of bail bond, the person is not where the law requires him to be. Accordingly, violation of bail bond and escape are similar offenses, and they should be treated the same under the continuing offense exception.

¶ 37 Defendant argues that the offenses are not analogous and should not be treated similarly because, unlike an escapee, a violator of bail bond is not breaching lawful custody and therefore not every violator of bail bond creates a threat to the public or to the court. Defendant contends that an escape is defined as the intentional and unauthorized absence of a committed person from the custody of the Department of Corrections, whereas bail bond is the release from custody.

¶ 38 Although this may technically be true, this does not convince us that the offenses should be treated differently. We find that it is reasonable for a court to recognize that there is a threat to public safety by those who violate their bail bond. As the appellate court stated:

"To be sure, a defendant's release on bail does reflect the trial court's initial impression that the defendant does 'not pose a danger to any person or [to] the community' (725 ILCS 5/110-2 (West 2014) (listing conditions of bond)); however, it also reflects the court's assessment that the defendant will 'comply with all conditions of bond' (*id.*). Once the defendant refutes this latter prediction, we see absolutely no reason why he should remain presumptively clothed in the former." 2016 IL App (2d) 150456, ¶ 16.

¶ 39 Moreover, even if the threat to public safety is less in the case of a bail-bond violator than an escapee, the threat to the authority and integrity of the court is the same. In *United States v. Merino*, 44 F.3d 749 (9th Cir. 1994), although the defendant was not yet a convicted felon, the court found that failure to appear is a continuing offense because of the " 'threat to the integrity and authority of the court' " posed by a recalcitrant defendant who refuses to abide by lawful court orders. *Id.* at 754 (quoting *Gray*, 876 F.2d at 1419). In *United States v. Alcarez Camacho*, 340 F.3d 794 (9th Cir. 2003), the Ninth Circuit explained that the threat to the court's integrity posed by a defendant who fails to appear for trial is the same as that of one who fails to appear for sentencing, even though only the latter has been convicted. The court stated:

"As in *Gray* and *Merino*, Camacho's failure to appear 'poses a threat to the integrity and authority of the court.' *Gray*, 876 F.2d at 1419. The reasoning in *Gray* therefore applies as strongly to a defendant whose failure to appear begins before his conviction as to a defendant who fails to appear only for sentencing." *Id.* at 797.

¶ 40 Furthermore, the legislature has implemented mandatory consecutive sentencing for felonies committed by defendants out on bond. See 730 ILCS 5/5-8-4(i) (West 1998) (recodified at 730 ILCS 5/5-8-4(d)(9) (West 2014)). This was done in recognition of " 'the threat posed by persons who commit crimes while on bond.' " 2016 IL App (2d) 150456, ¶ 16

(quoting *People v. Dowthard*, 197 Ill. App. 3d 668, 671 (1990)). Accordingly, we find that the threats posed both to the public and the court by violators of bail bond and escapees are sufficiently similar, such that the offenses should be treated the same under the continuing offense exception.

¶ 41 Finally, we acknowledge that other jurisdictions have taken different approaches as to whether their respective statutes relating to violation of bail bond are continuing offenses. We agree with the appellate court, which found that the better approach is the one taken by those jurisdictions that view it as a continuing offense (see *Gray*, 876 F.2d at 1419; *State v. Francois*, 577 N.W.2d 417 (Iowa 1998)) and particularly by the Nevada Supreme Court in *Woolsey v. State*, 906 P.2d 723, 726 (Nev. 1995), which held:

> "Bail is a privileged release from custody. To allow [the defendant] to avoid prosecution for [the bail-bond violation] simply because he eluded arrest long enough to surpass the three year statute of limitations is contrary to the purposes of [the violation-of-bail-bond statute] in particular and bail in general. Therefore, based on the fact that [the statute] is intended to punish those on bail who violate the conditions of their bail by failing to appear before the court when commanded, we conclude that [violation of a bail bond] is a continuing offense ***." *Id.*

Similarly, federal courts have held that analogous offenses are continuing. See *United States v. McIntosh*, 702 F.3d 381, 387 (7th Cir. 2012) (failure to surrender for sentence); *Alcarez Camacho*, 340 F.3d at 796-97 (failure to appear for trial); *United States v. Green*, 305 F.3d 422, 432-33 (6th Cir. 2002) (failure to appear for sentencing); *Lopez*, 961 F.2d at 1059-60 (same); *Gray*, 876 F.2d at 1419 (same); *United States v. Martinez*, 890 F.2d 1088, 1091 (10th Cir. 1989) (failure to surrender).

¶ 42 Based on all of the above, we hold that violation of bail bond must be considered a continuing offense. Consequently, *Grogan* is hereby overruled.

¶ 43 Since we have found that violation of bail bond is a continuing offense, we must now determine whether the State's information against defendant was time-barred. The State contends that the nature of the crime is such that the statute of limitations did not start to run for defendant's violation of bail bond until he was apprehended and, therefore, the information was timely filed. As noted above, defendant's duty under the bond was to "[a]ppear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court." 725 ILCS 5/110-10(a)(1) (West 1998). Within six months of the forfeiture judgment, there was a trial *in absentia*, a final order of guilt against defendant for the underlying charge, and a sentence imposed of 20 years' incarceration. See 725 ILCS 5/113-4(e) (West 1998); *People v. Phillips*, 242 Ill. 2d 189, 196-97 (2011). This court has held that a judgment of conviction and sentence following a trial *in absentia* is a final order. *People v. Partee*, 125 Ill. 2d 24, 32 (1988). Thus, a final judgment had been entered on the underlying charge, and defendant was no longer under a continuing duty to appear in court. When a defendant escapes, the offense continues until the defendant is no longer at large. *Miller*, 157 Ill. App. 3d at 46. When a defendant fails to appear for sentencing in federal court, the offense of failure to appear continues until the defendant appears for sentencing. *Green*, 305 F.3d at 433. In the case of a violation of bail bond, we determine that the crime would continue until the defendant no longer has an obligation to appear in court. Accordingly, once defendant was convicted and sentenced, his obligation to appear terminated, and he was no

longer violating his bail bond. The date that defendant's case became final is not in the record, but it would have been in either 1998 or 1999. Accordingly, the statute of limitations ran long ago for violation of bail bond.

¶ 44 We conclude that the circuit court did not err in finding the State's information for violation of bail bond was filed after the limitations period had expired. *People v. Morris*, 135 Ill. 2d 540, 547-48 (1990); *Strait*, 72 Ill. 2d at 505-06 (finding that an indictment or information is fatally defective when it is filed after the statute of limitations has expired); *People v. Day*, 404 Ill. 268, 270 (1949) (same); *People v. Taylor*, 391 Ill. 11, 14 (1945) (same).

¶ 45 Finally, before the appellate court, the State additionally contended that its reference to defendant's use of a false identification in the information qualified as an exception to the limitations period applicable when a criminal defendant "is not usually and publicly resident within this State." 720 ILCS 5/3-7(a) (West 2014). However, the appellate court did not address this issue because the court considered its decision on the limitations issue to be dispositive. 2016 IL App (2d) 150456, ¶ 9. Therefore, we remand the cause to the appellate court for disposition of the State's remaining contention. See *People v. Givens*, 237 Ill. 2d 311, 339 (2010).

¶ 46 III. CONCLUSION

¶ 47 For the foregoing reasons, the judgment of the appellate court is reversed, and the cause is remanded to the appellate court to consider the State's additional contention.

¶ 48 Reversed and remanded.